1  Steven P. Krafchick
2  Washington State Bar No. 13542
   Pro Hac Vice
3  KRAFCHICK LAW FIRM
   2701 1st Ave., Suite 340
4  Seattle, WA 98121
5  (206) 374-7370 (Telephone)
   (206) 374-7377 (Facsimile)
6  klf@krafchick.com

7  Arnold Levinson
8  California Bar No. 66583
   PILLSBURY & LEVINSON, LLP
9  600 Montgomery St., 31st Flr.
   San Francisco, CA 9411
10  (415) 433-8000 (Telephone)
11  (415) 433-4816 (Facsimile)
   alevinson@pillsburylevinson.com
12  Attorneys for Plaintiff ANITA B. CARR

13                UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                   AT SAN FRANCISCO

16

17  ANITA B. CARR,

18                          Plaintiff.              NO.

19
                        v.
20                                          PLAINTIFF'S FIRST AMENDED
                                            COMPLAINT
21  LIBERTY LIFE ASSURANCE
    COMPANY, a Massachusetts
22  Corporation, and PROVIDIAN
    BANCORP SERVICES, a domestic
23  corporation, and PROVIDIAN
    FINANCIAL HEALTH PLAN, an
24  employee benefits plan,
25
26                      Defendants.

27

28  PLAINTIFF'S FIRST
    AMENDED COMPLAINT - 1

The Plaintiff, by her attorneys of the Krafchick Law Firm, alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Anita B. Carr (Plaintiff Carr) was a resident of Alameda County, State of California, at all times relevant to this cause of action.

2.    Defendant Liberty Life Assurance Company of Boston (Defendant Liberty) is a Massachusetts Corporation doing business in the State of California.

3.    Defendant Providian Bancorp Services (Defendant Providian) is the ERISA Plan Administrator, based in San Francisco, State of California.

4.    Defendant Providian Financial Health and Welfare Plan (Defendant Plan) is believed to be an employee benefits plan under ERISA 29 U.S.C. § 1001 *et seq*. providing, *inter alia,* long-term disability benefits for Providian employees.

5.    The matter in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

6.    Acts complained of and/or contracts made and/or performed as described below occurred within the Northern District of the State of California as well as in other jurisdictions.

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 2

7.    This claim is governed by ERISA 29 U.S.C. § 1001 *et seq.* and by

California State law where applicable.

## II. FACTUAL ALLEGATIONS

1.    The exhibits included with the original complaint are incorporated herein

by reference, and will not be included with this First Amended Complaint,

but the additional exhibits included herewith will continue the exhibit

numbering from the original complaint, starting with Exhibit 3.

2.    Plaintiff Carr was employed by Defendant Providian from October of 1998

to November 28, 2001 (See Exhibit 1, complete copy of Defendant

Liberty's claim file, at CF000091, CF000462, hereafter CF).

3.    Before Plaintiff Carr became disabled, she was a director of data services

for Providian Financial Corporation, and earned approximately $135,000

per year (CF000120) plus year-end bonuses.

4.    Plaintiff Carr became ill and disabled while she worked for Defendant

Providian, with a date of disability of August 29, 2001 (CF000462).

5.    Plaintiff Carr's treating physicians diagnosed her with fibromyalgia and

Sjögren's Syndrome.  As of August 28, 2001, these illnesses and their

chronic symptoms rendered her unable to perform with reasonable

continuity all the material and substantial duties of her own or any other

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 3

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

occupation for which she is able to be reasonably fitted by training,

education, experience, age, physical, and mental capacity.

6.    When Plaintiff Carr became ill and disabled, she was covered under a

long-term disability insurance policy (LTD policy) offered by Defendant

Providian (CF000462).

7.    Plaintiff Carr paid LTD premiums to Defendant Liberty until late

November, 2001 in consideration for LTD insurance coverage, which is

defined by Defendant Liberty as follows (CF000021):

> "Disability" or "Disabled" with respect to Long Term
> Disability Coverage means:
>
> a.  i. If the Covered Person is eligible for the 24 Month
> Own Occupation Benefit, "Disability" or "Disabled" means
> during the elimination Period and the next 24 months of
> Disability the Covered Person is unable to perform all of
> the material and substantial duties of his occupation on an
> Active Employment basis because of an Injury or Sickness;
> and
>
> ii. After 24 months of benefits have been paid, the Covered
> Person is unable to perform, with reasonable continuity, all
> of the material and substantial duties of his own or any
> other occupation for which he is or becomes reasonably
> fitted by training, education, experience, age and physical
> and mental capacity.

An employee must first satisfy an elimination period before
benefits are paid. The policy provision dealing with the elimination
period reads (CF000022):

> "Elimination Period" means a period of consecutive
> days of Disability for which no benefit is payable.

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 4

KRAFCHICK LAW FIRM
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

The Elimination Period is shown in the Schedule of
Benefits and begins on the first day of Disability.

LONG TERM DISABILITY POLICY
COVERAGE

Elimination Period: 90 days

8.     The premiums for the LTD policy were paid entirely by Plaintiff Carr via

paycheck deductions (Exhibit 3, copies of Plaintiff Carr's pay stubs, see

the bottom section entitled "After-Tax Deductions," payments made under

"Long-Term Disability After Tax"; note that the premium amounts remain

the same before and after August 28, 2001), and she continued paying the

after-tax premiums on her LTD policy through her last pay check from

Defendant Providian, received November 27, 2001.

9.     Defendant Liberty accepted the premiums paid by Plaintiff Carr every two

weeks from the time she first signed up for LTD benefits until the

termination of her leave of absence on November 28, 2001.

10.    Plaintiff Carr became unable to perform her regular occupation at

Defendant Providian on or around August 28, 2001 (Exhibit 2, copy of

letter from Plaintiff's main treating provider on or around August of 2001,

as quoted at CF000467 in Plaintiff's last appeal letter; CF000229; *see also*

CF000249; CF000351).

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 5

11.   Plaintiff Carr was laid off from Defendant Providian on or around August 28, 2001 with an effective separation date of November 28, 2001 (CF000091 at § 2), and signed a severance agreement in conjunction therewith (CF000094).

12.   The severance agreement wrongly purports to prevent Plaintiff Carr from pursuing her LTD claim against Defendants due to general waiver of claims language contained in the severance agreement.

13.   Plaintiff Carr accepted three months' pay of approximately $36,000 when signing the severance agreement; the LTD benefits are worth approximately $7,200 per month until Plaintiff Carr turns 65, or approximately ten more years.

14.   Plaintiff Carr never intended to waive her rights to file a LTD claim.

15.   Plaintiff Carr would not have signed the severance agreement if she had known she was signing away her rights to file a LTD claim.

16.   Plaintiff Carr was unable to negotiate the terms of the severance agreement.

17.   Plaintiff Carr maintained her status as an active employee of Defendant Providian until November 28, 2001 (CF000091 at § 2).

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 6

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

18.   Plaintiff Carr was on an official leave of absence from her duties at Defendant Providian from August 28, 2001 until November 28, 2001 (CF000091).

19.   The Plan policy explicitly states that an employee is actively at work if she was at work on the day immediately preceding the day an excused leave of absence began (Exhibit 4, copy of relevant Definitions page of the subject Plan policy).

20.   In case the scenario outlined in Section 19 above does not apply to Plaintiff Carr, The Plan policy specifies that, in case an employee is given a leave of absence, the employee's LTD coverage extends to the end of the policy month in which the leave of absence began (Exhibit 5, copy of relevant Definitions page of the subject Plan policy).

21.   The Social Security Disability Administration determined on September 27, 2003 that Plaintiff Carr became totally disabled and eligible for benefits on or around August 27, 2001 (CF000304-308).  Plaintiff Carr was granted a monthly benefit amount of $1,509.00 by the Social Security Disability Administration.

22.   Plaintiff Carr's disabling medical conditions and their symptoms prevented her from performing the material and substantial duties of her regular occupation at Defendant Providian, and continue to prevent her

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 7

KRAFCHICK LAW FIRM
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

from performing any occupation Defendant Providian can make available to her, or from working in any reasonable occupation for which she can be fitted by education, training, or experience.

23. As long as Plaintiff Carr meets the definitions of disability in the LTD policy, she is entitled to receive long-term disability benefits under the LTD policy until she reaches 65 years of age on or about October 16, 2014 (CF000462).

24. Plaintiff Carr's date of disability was August 28, 2001, and she became eligible for LTD benefits as of August 29, 2001. She was completely disabled during the 90-day elimination period and she remains completely disabled today.

25. Plaintiff Carr's elimination period ended on November 27, 2001, 90 days after August 29, 2001 (CF000462).

26. Plaintiff Carr filed a claim with Defendant Liberty for benefits under the LTD policy on or around November 29, 2001. Defendant Liberty denied this claim on or around January 22, 2002 (CF001094).

27. Plaintiff Carr appealed on or around March 15, 2002 (CF001094), and Defendant Liberty again denied the appeal on or around April 29, 2002 (CF000960).

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 8

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

28. Plaintiff Carr filed yet another claim for benefits under the LTD plan on or around July 28, 2003 (CF000937), which Defendant Liberty denied on or around November 17, 2003 (CF000768).

29. Plaintiff Carr submitted a comprehensive appeal letter to Defendant Liberty on or about December 14, 2004 (CF000465), which included medical records from Plaintiff's treating provider Carol L. Lamb, M.D. (CF000171-212); Plaintiff's treating provider Rajiv Dixit, M.D. (CF000213-248); consulting physician and nationally renowned fibromyalgia expert Robert Bennett, M.D. (CF000249-303); nationally renowned consulting physical capacities evaluator Theodore Becker, Ph.D., RPT, (CF000309-350); consulting nationally renowned neuropsychologist Jay Uomoto, Ph.D. (CF000351-381); consulting vocational expert Donald Uslan, M.A., M.B.A. (CF000382-454); copy of the Social Security Disability Administration's Notice of Award of Disability (CF000304-308); and copies of personal letters of support (CF000455-461).

30. Plaintiff Defendant Liberty denied Plaintiff's appeal yet again on January 28, 2005 (CF000021).

31. Plaintiff Carr primary treating provider on or around August 29, 2001 was Dr. Carol L. Lamb, M.D.

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 9

KRAFCHICK LAW FIRM
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370  Fax (206) 374-7377

32. On or around January 3, 2002, Dr. Lamb wrote an Attending Physician's Statement to Defendant Liberty wherein she stated that Plaintiff Carr was suffering from gastroesophageal reflux disease, hypertension, fibromyalgia, and anxiety.

33. However, Dr. Lamb could not state that Plaintiff Carr had any physical work restrictions as she did not know the full effects of Plaintiff Carr's disabling fibromyalgia.

34. In October of 2001, Dr. Lamb referred Plaintiff Carr to rheumatologist Rajiv K. Dixit, MD, FACP, for further rheumatological workup.

35. Dr. Dixit established that Plaintiff Carr was unable to work and totally disabled (CF000229).

36. On October 1, 2004, Dr. Lamb wrote:

> During the period of February to August of 2001, I saw [Plaintiff Carr] on multiple occasions for varying complaints. These included joint aches, fatigue, rash, headaches and neck pain. The symptoms progressed, and I felt that there was likely a rheumatologic condition of some sort. I referred her to see Dr. Dixit, a local rheumatologist in August 2001. He ultimately diagnosed fibromyalgia and Sjögren's Syndrome.
>
> In retrospect, I believe her condition was such that it did not allow her to do full work duties - I believe that her condition was at least a Class 3, if not worse (slight to moderate limitation of functional capacity). **I would defer to her rheumatologist's opinion regarding the degree to which her symptoms interfered with her ability to perform her usual job.** I do not believe there was a

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 10

KRAFCHICK LAW FIRM
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370  Fax (206) 374-7377

1

2

significant change in her symptoms from the time I saw her
in August, 2001, until she was seen by Dr. Dixit in October
of 2001.

37.     Dr. Lamb clarified her opinion regarding Plaintiff Carr's ability to work

from August, 2001 through her elimination period.  Dr. Lamb defers to

Plaintiff's Carr's rheumatologists (Dr. Dixit, Dr. Bennett) for further

determination of Plaintiff's Carr's disability due to fibromyalgia.

38.     Plaintiff Carr first saw Dr. Dixit on October 24, 2001 (medical records at

CF000213-248).  After taking a full history and physical examination, Dr.

Dixit diagnosed Plaintiff Carr with Sjögren's syndrome, fibromyalgia

syndrome, and hypertension, among other diagnoses.

39.     Dr. Dixit finds that Plaintiff Carr was completely disabled dating back to

Plaintiff Carr's initial date of disability, August 29, 2001.  Dr. Dixit opines

consistently over three years that Plaintiff Carr is completely disabled by

fibromyalgia, Sjögren's Syndrome, and their related symptomatology.

40.     In a report dated March 26, 2003, Dr. Dixit wrote, "This patient has been

disabled for a prolonged period of time. Her prognosis is poor.  She is

totally and permanently disabled and unlikely to be able to return to any

form of employment." (CF000229).

41.     On September 2, 2004, Dr. Dixit wrote:

I have reviewed the reports by Dr. Bennett and also the
report by Dr. Uomoto. I believe you have copies of these

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 11

reports.  As you well know, Dr. Uomoto's feeling, in line with my medical impression, is that the patient has cognitive disorder and fibromyalgia syndrome.  You also know from the report of Dr. Bennett that the patient has fibromyalgia with an associated mood and sleep disorder. I am in agreement with him that this developed during 2001. As noted by Dr. Bennett, despite long-standing and appropriate treatment with a trial of multiple modalities, the patient has not experienced any significant improvement in her symptoms.  Indeed, a case could be made for steady deterioration of her symptoms.

I will once again emphasize that the patient has long-standing and severe fibromyalgia and that the symptoms of this became disabling in the summer of 2001. The condition has resulted in total and permanent disability. I do not believe that Mrs. Carr is employable.

42.   Plaintiff Carr was also seen by Robert Bennett, MD for a rheumatological consultation on April 13, 2004 (records at 249-303, CV at CF000271-303).

43.   Dr. Bennett is a board-certified rheumatologist and world-renowned expert on fibromyalgia.

44.   He based his opinion on history, medical records, literature, and client examination.

45.   Upon palpation, Plaintiff Carr was positive for 17 out of 18 fibromyalgia tender points.

46.   Dr. Bennett wrote :

Based on the information I reviewed, including my own history and physical examination, Plaintiff Carr is entirely

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 12

KRAFCHICK LAW FIRM
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

disabled from being able to be competitively employed in the demanding and high stress jobs that she held up to 2001.  The Social Security Administration has agreed that she is disabled and awarded her Social Security Disability pension retroactive to August of 2001 . . .

The major reasons for Plaintiff Carr's disability are the constant musculoskeletal pain of fibromyalgia with its associated cognitive dysfunction and non-restorative sleep with associated fatigability.  She also has a diagnosis of Sjögren's syndrome - this is a chronic autoimmune disorder that itself causes fatigue and varying degrees of disability.  There is no known cure for Sjögren's syndrome and over time it may involve major organs such as the lungs, heart and brain. Patients with Sjögren's syndrome have a 44 fold risk of developing lymphoma.  Her disability is compounded by a moderately severe mood disorder with both depression and anxiety components.  Currently there is no cure for fibromyalgia or Sjögren's syndrome and at age 54 it is my opinion that Plaintiff Carr is permanently disabled and will not be able to be competitively employed at any time in the future.  (CF000256).

47.   Renowned physical capacities evaluator Theodore Becker, Ph.D., RPT, performed a physical capacity evaluation of Plaintiff Carr on May 4, 2004 (report CF000309-350, CV at CF000340-350).

48.   Dr. Becker's report concludes that Plaintiff Carr is unable to perform the material duties of her own or any other occupation.  She is completely and totally disabled.

49.   Dr. Becker's report conclusively states that Plaintiff Carr is work intolerant.

50.   Dr. Becker performed a battery of performance tests on Plaintiff Carr over a period of 9.5 hours on two days, May 4-5, 2004.

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 13

51.   Regarding Plaintiff Carr's step test, Dr. Becker wrote:

> The overall physiological response shows significant dysfunction of tolerance, indicating inability to sustain activity. There is exceptionally restricted physiology, which will indicate that tolerances of function cannot be sustained. (CF000318).

52.   In addition, Dr. Becker put Plaintiff Carr through a Gait Evaluation/Physiology test. After the results of that test, Dr. Becker stated:

> The physiological response is exceptionally dysfunctional, showing inability to sustain activity. The overall performance will indicate that she is unable to maintain physiological response associated with work environment. (*Id.*)

53.   Dr. Becker concluded:

> Exceptionally restricted with poor tolerance of sustainable application. There is gross physiological challenge, which indicates inability to sustain seated activity work, and also inability to sustain upright application work. The overall work tolerances in sedentary application should be identified as 4 to 8 beats above resting, or in this case at 68 b.p.m. Her output response, which is inconsistent with the expected linear and steady state output response. (CF000320).

54.   Dr. Becker agrees with Plaintiff Carr's other providers that she is completely and totally disabled. Thus he summarizes Plaintiff Carr's inability to work:

> The physiological output response precludes her ability to sustain work in an ongoing basis, as required of competitive and predictable work function. Both sedentary/seated work and upright/standing work fails to meet the criterion of acceptance in physiology of linear and steady state. All work endeavors show decreasing

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 14

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370  Fax (206) 374-7377

performance over time, with increasing physiological
response of heart rate elevation.  (CF000321).

55.   Plaintiff Carr was also evaluated by preeminent neuropsychologist Jay M.

Uomoto, Ph.D. (records at CF000351-381)

56.   Dr. Uomoto is a licensed psychologist specializing in neuropsychology (CV at

CF000371-381).

57.   He is also a fellow and diplomate in medical psychotherapy of the American

Board of Medical  Psychotherapists and Psycho-diagnostician, and a professor in

the graduate department of psychology at Seattle Pacific University.

58.   Dr. Uomoto found in his May 7, 2004 evaluation that Plaintiff Carr had

significant cognitive problems stemming from her fibromyalgia.

59.   In checking the validity of his testing he wrote:

> Given the patient's effort on the examination, behavioral
> presentation throughout testing procedures, and results of
> symptom validity testing, the patient's performance was
> judged to be a reflection of maximum effort.  Using the
> Slick Criteria the patient did not meet criteria for
> malingered neurocognitive dysfunction.  The patient also
> did not evidence behaviors or performances that are
> indicative of symptom enhancement or dissimulation.  The
> patient put forth a concerted effort on all tasks, and test
> results represent the patient's maximum cognitive capacity
> in the context of this evaluation.  (CF000355-356).

Dr. Uomoto discusses several areas where Plaintiff Carr has cognitive impairment

affecting her ability to work in any occupation by noting:

•       Impairment in motor strength bilaterally

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 15

Impaired oral word fluency (letter fluency) likely due to impaired information processing skill

- Alternating and divided attention deficits; likely to be easily derailed from the task at hand
- Impaired sustained attention ability where there is a demand for speeded and efficient processing of information
- Impaired verbal declarative memory when new learning and consistent recall is required
- Impaired visual-spatial learning ability upon single trial learning demands; and
- Problem-solving and adaptive reasoning impairment

60.   Dr. Uomoto concludes:

> The patient's current neuropsychological problems are likely to interfere with her prior work tasks. The patient states that her work required a significant degree of analytical thinking, problem-solving, trouble shooting, and working with complex concepts. She was required to work very quickly, identify patterns in problems that arise in database management and in data architecture aspects of her position, and to develop efficacious solutions to these problems. The current results suggest she would have difficulties with these types of analytical tasks, due to her attention problems, difficulties with simultaneous processing secondary to alternating and divided attention demands. Adaptive reasoning deficits will also play a role in these daily work tasks. She often is required to convey complex technical concepts to senior management, and this requires considerable problem-solving ability. Her cognitive impairments will make this difficult to do. Problems with attention will likely impact her ability to sustain her effort on complex tasks in the work setting. Due to memory deficits, she will have trouble tracking and storing important information that may be provided to her incidentally. This in turn will affect her problem-solving effectiveness. Problems with chronic pain, sleep deprivation and fatigue also contribute to her cognitive problems.
>
> On the basis of reasonable neuropsychological probability, and on a more likely than not basis, the patient is not competitively employable on a full-time or part-time basis in her former position.

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 16

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

1

2

3      I would concur with Dr. Dixit's conclusion of March 2003 that the
       patient is not competitively employable in any position.
4      (CF000361-362).

5   61.   Plaintiff Carr was also evaluated by a vocational rehabilitation specialist Donald

6         Uslan, MA, MBA on May 5, 2004 (CF000382-454, CV at CF000427-454).

7
    62.   Mr. Uslan evaluated Plaintiff Carr for employability.
8

9   63.   He reviewed records from her treating physicians and independent evaluators as

10        noted above, and also reviewed records from Defendant Liberty, and concluded

11        that, " . . . it is my opinion that she is totally and completely disabled from any and

12        all employment, be it full or part-time, in any exertional level of employment."
13
          (CF000425).
14

15  64.   Mr. Uslan also states:

16            Plaintiff Carr is not able to work in the competitive labor
17            market for gainful employment on a full-time basis, be it
              unskilled, semi-skilled or skilled level, or in the sedentary,
18            light or medium exertional categories.  It is not reasonable,
              nor possible, for an employer to accommodate her medical
19            conditions with her functional limitations at this time.
20            Plaintiff Carr is not able to work at another position.

21  65.   Mr. Uslan concludes:
22
              As a licensed mental health counselor and certified
23            rehabilitation counselor in clinical practice, it is my
              opinion, on a more-probable-than-not-basis, that Plaintiff
24            Carr is totally and completely disabled.  I base this
25            judgment on my professional experience in treating and
              evaluating hundreds of patients with the same or similar
26            medical, physical and cognitive conditions as Plaintiff Carr,
              and in my professional capacity in having published and
27

28  PLAINTIFF'S FIRST                          **KRAFCHICK LAW FIRM**
    AMENDED COMPLAINT - 17                     2701 First Avenue, Suite 340
                                               Seattle, Washington 98121
                                               (206) 374-7370  Fax (206) 374-7377

1

2

3          lectured extensively on this subject (disability, impairment
           and rehabilitation in rheumatologic conditions) . . . in
4          consideration of her age, medical and physical condition,
           education and training.

5

6     66.    Plaintiff Carr also has friends and family who have written personal statements

7     regarding her disability.

8     67.    Plaintiff Carr's friend, Amy Chernay, wrote (CF000455):

9

10         I have known Anita Carr for 23 years.  When she lived near
           me in Texas she was a very active adult. She volunteered
11         for political campaigns and at her daughter's school.  She
           also had many other volunteer activities such as teaching
12         computer skills to elementary aged school children,
           working on local arts projects, activities in her church and
13         PTA and volunteering at local museums to give docent
           tours. She also played tennis and I took 3-mile walks with
14         her regularly.  She was an active mother who had full
           responsibility for a young child. She also completed a
15         degree in graduate school.

16

17         Anita now complains of being in constant pain and being
           unable to carry out the duties taking care of her home as she
18         once had. She also complains of problems with her
           memory.

19

20    68.    Ellen Hancock wrote a letter supporting Plaintiff Carr's claim for disability

21    (CF000456-457):

22

23         . . . She has also been a successful businesswoman,
           working her way up into a Director level position at several
24         companies.  She has some very strong ethics and always
           had enjoyed her work in a highly technical field and put in
25         some very long days.

26

27

28    PLAINTIFF'S FIRST                              **KRAFCHICK LAW FIRM**
      AMENDED COMPLAINT - 18                         2701 First Avenue, Suite 340
                                                     Seattle, Washington 98121
                                                     (206) 374-7370   Fax (206) 374-7377

1

2

3          Anita skied, did white-water rafting & played tennis up
           until 2001, but she found it too painful to do these physical
4          activities since she diagnosed with fibromyalgia.

5          Since the spring of 2001, Anita's health has been
           problematic.  She has not been able to drive much & has
6          complained of headaches, pain, dizziness, fatigue, heart
           palpitations, nausea, memory issues & general malaise.
7          She has consistently complained to me about these
           symptoms and continues to do so.
8

9          Sometimes when I call her in the middle of the day I am
           waking her up from a long nap.  When I saw her on July
10         29th, 2004 and we went for a very short walk of several
           blocks, she became fatigued and her legs hurt.  That same
11         day when we ate lunch, she arose from her dining chair in
           pain and moved very slowly.
12

13         On August 29th we went shopping and when we went into
           the first store, Anita wanted to find a place to sit and have
14         tea in their small café, saying she was already tired.

15

16   69.   Plaintiff Carr's daughter, Elena Carr, wrote (CF000459):

17         I am the only child of Anita B. Carr and have a very close
           relationship with her.  Since she has been afflicted with
18         fibromyalgia, her energy levels have dropped dramatically.
           Sometimes she has trouble simply getting out of bed and is
19         forced to take several rests throughout the day.

20

21         Her ability to function in normal situations has dramatically
           decreased. Recently, my mother and I visited Las Vegas.
22         We had just arrived and checked into the hotel.  After my
           mom took a nap, we went out to explore the strip.  We had
23         only walked a few blocks when she could go no further.
           Her frustration with the pain quickly turned to tears and we
24         had to sit for twenty minutes before she could muster the
           energy to return to the hotel, where she promptly went back
25         to bed.  This is the same woman who would drive me to

26

27

28   PLAINTIFF'S FIRST
     AMENDED COMPLAINT - 19

1

2

3        Yosemite for a weekend and wake up at the crack of dawn
         for an all-day hike to Vernal Falls.

4

   70.    Plaintiff Carr wrote (CF000460-461):

5

6        Starting in January of 2001 I began experiencing severe headaches,
         severe neck pain, severe arm & hand pain, numbness & tingling in

7        my hands, moderate back pain, moderate leg & knee pain,
         overwhelming tiredness, weakness, mental confusion &

8        forgetfulness. I had very dry eyes and was using eye drops several
         times a day. I had to go home on many lunch hours to just sleep

9        and fortunately I lived 5 minutes from my office. I found that I had

10       no energy in the morning after awakening from at least 7 hours of
         sleep. I felt very tired & weak and felt like I could not even go to

11       work. I forced myself. I typically worked a 10 hour day.

12

13       I finally felt that I could not continue to work. I was exhausted. I
         was having more serious memory issues (even once forgetting the

14       name of a former employee from SBC Corporation who had come
         to work at Providian) and I was living in pain. I could not

15       keyboard due to the pain in my hands/wrists/arms. I could not
         concentrate in meetings and I would lose track of my train of

16       thoughts. I had headaches every day. My last day of work was

17       Aug. 28, 2001.

18       After I left the work environment I would wake up in the morning
         and then feel so tired I had to go right back to sleep and I would

19       sleep 3-4 hours of very deep sleep. I had no energy. On some days

20       I was in too much pain to get out of bed.

21       I continue to experience headaches, severe pain, overwhelming

22       tiredness and cognitive problems. Again, the symptoms wax and
         wane. I seem to have somewhat better days if it is warm and the

23       pressure is high. Other days, for no real reason, I cannot get out of
         bed due to the pain. Even the bottom of my feet hurt to walk on

24       them.

25       I typically try to read the morning newspaper when I wake up, but

26       most often I cannot stay focused on a single article to read through

27       it.

28  PLAINTIFF'S FIRST                          **KRAFCHICK LAW FIRM**
    AMENDED COMPLAINT - 20                     2701 First Avenue, Suite 340
                                               Seattle, Washington 98121
                                               (206) 374-7370   Fax (206) 374-7377

1

2

3     71.   All of Plaintiff Carr's providers agree she continues to be severely disabled and

4           can no longer meet the requirements of full time work in her own or any other

5           occupation, and that this has been so since August 28, 2001 or sooner.

6     72.   Plaintiff Carr fulfills Liberty Life's definition of disability as she, since August 29,

7           2001, has been unable to perform, with reasonable continuity, all of the material

8
           and substantial duties of her own or any other occupation for which she is or could
9
           become reasonably fitted by training, education, experience, age and physical and
10
           mental capacity dating back to August 29, 2001.
11

12    73.   Plaintiff Carr was completely and totally disabled throughout the entire

13          elimination period as discussed by her doctors and independent evaluators.

14

15    74.   Defendant Liberty never informed Plaintiff Carr in numerous written

16          communications during more than three years of administering her LTD claim

17          that she was precluded from filing a LTD claim under the Plan due to any waiver

18
           of LTD coverage signed by her (for examples of key communications where
19
           Defendant never raised this issue, see, *inter alia*, CF00021, CF000768,
20
           CF000960, and CF001094).
21

22    75.   In a letter to Plaintiff Carr's counsel dated March 14, 2005, Defendant Providian's

23          house counsel D'Anne L. Gleicher did not state that Plaintiff Carr was precluded

24          from filing a LTD claim due to signed waiver (Exhibit 6).

25

26

27

28   PLAINTIFF'S FIRST
     AMENDED COMPLAINT - 21

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

1

2

### III. ESTOPPEL

3

4          Plaintiff Carr adopts and alleges all of the foregoing facts.  Assuming *arguendo*

5    that the severance agreement prevents Plaintiff Carr from filing a LTD claim, which is

6    not what Plaintiff Carr believes, Plaintiff Carr alleges:

7

8          1.      Defendant Liberty represented to Plaintiff Carr over the course of more than three

9                  years that she was not barred from making a claim for LTD benefits due to

10                 previous waiver, and that the only issue preventing her from obtaining LTD

11                 benefits was based on the merits of her claim, as manifested by numerous

12                 communications from Defendant Liberty.

13

14         2.      Plaintiff Carr paid Defendant Liberty premiums for her LTD coverage until

15                 November 28, 2001.

16         3.      Defendant Liberty accepted the premiums for LTD coverage.

17

18         4.      Defendant Liberty should reasonably have known that Plaintiff Carr would rely

19                 upon their representations to her detriment.

20         5.      Plaintiff Carr has relied to her detriment upon Defendant Liberty's manifestations

21                 and her knowledge that she paid LTD premiums to Defendant Liberty which they

22                 kept.

23

24         6.      Given Defendant Liberty's representations and retention of LTD premiums paid

25                 by Plaintiff Carr, it was entirely reasonable for her to believe she had not waived

26                 her rights to file a LTD claim.

27

28   PLAINTIFF'S FIRST                                  **KRAFCHICK LAW FIRM**
     AMENDED COMPLAINT - 22                             2701 First Avenue, Suite 340
                                                        Seattle, Washington 98121
                                                        (206) 374-7370   Fax (206) 374-7377

7.    Plaintiff Carr could not have known that Defendant's conduct was misleading.

8.    The facts alleged invoke the doctrine of Equitable Estoppel against Defendants, precluding them from alleging Plaintiff Carr waived her right to file a LTD claim.

## IV. RIGHT TO BENEFIT UNDER ERISA

Plaintiff Carr adopts and alleges all of the foregoing, and alleges:

1.    The LTD policy at issue in this case may be determined by the Court to be an "employee welfare benefit plan" or a "welfare plan," as defined in §1002 of *The Employment Retirement Income Security Act*, 29 U.S.C., § 1001, *et seq.* ("ERISA").

2.    If this Court finds that the disability insurance purchased from Defendant Liberty is governed by ERISA, Plaintiff Carr alleges that Defendant Liberty violated federal statutory and common law duties owed to Plaintiff Carr when Defendant Liberty terminated her benefits.

3.    Defendant Liberty's breach of the duties it owed to Plaintiff Carr proximately caused Plaintiff Carr damages that were natural and foreseeable consequences of Defendant Liberty's wrongful conduct.

4.    Plaintiff has the express right and standing under ERISA § 1132 to bring a cause of action against Defendant Liberty to enforce her rights and recover the benefits she is due under the terms of her LTD policy, and to clarify her rights to future benefits under the terms of the LTD policy.

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 23

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370  Fax (206) 374-7377

5.      Under ERISA, Plaintiff Carr has the right to recover the reasonable attorneys' fees and costs she incurred in this action against Defendant Liberty, should the Plaintiff establish her rights to recover the disability benefits terminated and denied her by Defendant Liberty.

## V.  CONTRACT DEFENSES SUPPORTING DECLARATORY JUDGMENT INVALIDATING THE SEVERANCE AGREEMENT

Plaintiff Carr adopts and alleges all of the foregoing facts.  With respect to the severance agreement, Plaintiff Carr alleges:

1.      When Plaintiff Carr signed the severance agreement, there was lacking mutuality of consent and no meeting of the minds as to the substance of the agreement.

2.      The severance agreement is a contract of adhesion.

3.      Plaintiff Carr signed the severance agreement under undue influence.

4.      The severance agreement was a constructive fraud as Defendant Providian attempted to get Plaintiff Carr to waive her contractual rights to file a LTD claim, for which she continued to pay premiums, and for which the Plan Policy language specifically states she had coverage.

5.      The Severance agreement was signed under mutual mistake as to the terms of the agreement.

6.      The severance agreement is an unconscionable contract as Defendant attempted to get Plaintiff Carr to waive her contractual entitlement to file a LTD claim under

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 24

the clear and unambiguous language of the subject Plan Policy, for which

coverage she continued to pay premiums.

7.     The severance agreement is unlawful as it is contrary to good morals in that

Plaintiff Carr manifestly paid premiums for LTD coverage, for which the subject

Plan Policy specifically states she is eligible under the terms of Plaintiff Carr's

leave of absence, and which coverage Defendants now deny her while having

accepted her LTD premiums.

## VI. PRAYER FOR RELIEF

Plaintiff Carr prays for judgment against Defendant Liberty as follows:

1.     Declaratory judgment and an injunction stating that the severance agreement is

null and void with respect to Plaintiff Carr's ability to file a LTD claim.

2.     Declaratory judgment and an injunction providing that the Court enforce

Defendants' continuing obligations owed Plaintiff on her long-term disability

policy, and that Defendants cannot decline to pay her in the future for reasons

wrongfully relied on to the time of judgment;

3.     An award of full benefits due Plaintiff under the Plan from the time of initial

entitlement to benefits, August 29, 2001, to the date of judgment in favor of

Plaintiff in this case; and

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 25

4.     For Plaintiff's attorney fees, costs, and disbursements incurred by bringing this

cause of action, along with pre-judgment interest and any other relief permitted by

law, which the Court deems just and equitable.

Dated September 30, 2005:

KRAFCHICK LAW FIRM

By: _____

Steven P. Krafchick, WSBA #13542
Attorney for Plaintiff
Pro Hac Vice Application pending
Krafchick Law Firm
2701 First Avenue, Suite 340
Seattle, WA 98121
T: 206.374.7370  F: 206.374.7377
Email: klf@krafchick.com

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 26

# Exhibit 3

| Employee | | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|---|
| ANITA B.  CARR | | | 013033 | 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 | Single | | US- 18/0   CA-18/0 | | D451408 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| PNBC | | 1 | 0008 | 100203 | 10/19/98 | 06/30/01 | 07/13/01 | 07/13/01 |

| Earnings | Rate | Units | Current | Year To Date |
|---|---|---|---|---|
| Salary | - | - | 5,192.31 | 69,576.95 |
| Mgmt Incentive Plan Awar | - | - | - | 9,003.35 |
| Stock Ownership Plan Mat | - | - | - | 8,263.40 |
| Time Bank - Planned | - | - | - | 2,596.16 |
| Time Bank - Unplanned | - | - | - | 519.23 |
| PVN Dividend -Restricted | - | - | - | 12.72 |
| Group Term Life >$50,000 | - | - | 36.09 | 505.26 |
| Flex Benefit Credits | - | - | 180.76 | 2,530.64 |
| Total | | | 5,409.16 | 93,007.71 |

**Paid Time Off**

| | Eligible Amt |
|---|---|
| Time Bank Bal  (Hrs) | 192.00 |

**Direct Deposit Accounts**

| | Amount |
|---|---|
| Checking - 0043862306 | 3514.78 |

**Memo Entries**

| | Current | Year To Date |
|---|---|---|
| 401(k) Plan - Employer Match | 171.35 | 2,695.96 |

**Messages**

NonExempt PTO Balance Reflect Time
Reported Through 07/06/01

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 568.71 | 12,542.42 |
| Social Security (FICA) | | 4,984.80 |
| Federal Medicare | 75.26 | 1,302.55 |
| California Income Tax | 301.61 | 5,150.61 |
| California State Disability | | 416.94 |
| Total | 945.58 | 24,397.32 |

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | 519.23 | 8,751.20 |
| Medical Plan | 151.26 | 2,117.64 |
| Dental Plan | 35.07 | 490.98 |
| Vision Plan | 8.46 | 118.44 |
| Life Insurance Plan | 12.60 | 176.40 |
| Accidental Death & Dismmbrment | 1.73 | 24.22 |
| Health Care FSA | 9.61 | 134.54 |
| Dependent Care FSA | | 101.52 |
| Total | 737.96 | 11,914.94 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Taxable 401(k) | 155.77 | 1,505.78 |
| PVN Dividend  -Restricted | - | 12.72 |
| SOP Shares Delivered | | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 126.00 |
| Dependent Life | 0.85 | 11.90 |
| Short-Term Disability Plan | 9.13 | 127.82 |
| Group Term Life > $50,000 | 36.09 | 505.26 |
| Total | 210.84 | 10,552.88 |

| W2 Gross | 4,671.20 | 81,092.77 |
|---|---|---|

**Paycheck Questions?  Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services - 201 Mission Street San Francisco, CA  94105

**ProBusiness**

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | Number |
|---|---|---|---|---|---|---|---|
| ANITA B. CARR | | | 013033 | 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 | Single | US-18/0   CA-18/0 | D459277 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| PNBC | | 1 | 0008 | 100203 | 10/19/98 | 07/14/01 | 07/27/01 | 07/27/01 |

| Earnings | Rate | Units | Current | Year To Date | | | |
|---|---|---|---|---|---|---|---|
| Salary | - | - | 5,192.31 | 74,769.26 | | | |
| Mgmt Incentive Plan Awar | - | - | - | 9,003.35 | | | |
| Stock Ownership Plan Mat | - | - | - | 8,263.40 | | | |
| Time Bank - Planned | - | - | - | 2,596.16 | | | |
| Time Bank - Unplanned | - | - | - | - | | | |
| PVN Dividend -Restricted | - | - | 12.72 | 25.44 | | | |
| Group Term Life >$50,000 | - | - | 36.09 | 541.35 | | | |
| Flex Benefit Credits | - | - | 180.76 | 2,711.40 | | | |
| Total | | | 5,421.88 | 98,429.59 | | | |

**Paid Time Off**

| | Eligible Amt |
|---|---|
| Time Bank Bal (Hrs) | 192.00 |

**Direct Deposit Accounts**

| | Amount |
|---|---|
| Checking - 0043862306 | 3510.46 |

**Memo Entries**

| | Current | Year To Date |
|---|---|---|
| 401(k) Plan - Employer Match | 171.34 | 2,867.30 |

| Taxes | | | Current | Year To Date |
|---|---|---|---|---|
| Federal Income Tax | | | 572.27 | 13,114.69 |
| Social Security (FICA) | | | - | 4,984.80 |
| Federal Medicare | | | 75.26 | 1,377.81 |
| California Income Tax | | | 302.37 | 5,452.98 |
| California State Disability | | | - | 416.94 |
| Total | | | 949.90 | 25,347.22 |

**Messages**

NonExempt PTO Balance Reflect Time Reported Through 07/20/01

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | 519.23 | 9,270.43 |
| Medical Plan | 151.26 | 2,268.90 |
| Dental Plan | 35.07 | 526.05 |
| Vision Plan | 8.46 | 126.90 |
| Life Insurance Plan | 12.60 | 189.00 |
| Accidental Death & Dismmbrment | 1.73 | 25.95 |
| Health Care FSA | 9.61 | 144.15 |
| Dependent Care FSA | - | 101.52 |
| Total | 737.96 | 12,652.90 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Taxable 401(k) | 155.77 | 1,661.55 |
| PVN Dividend -Restricted | 12.72 | 25.44 |
| SOP Shares Delivered | - | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 135.00 |
| Dependent Life | 0.85 | 12.75 |
| Short-Term Disability Plan | 9.13 | 136.95 |
| Group Term Life > $50,000 | 36.09 | 541.35 |
| Total | 223.56 | 10,776.44 |

| W2 Gross | 4,683.92 | 85,776.69 |
|---|---|---|

**Paycheck Questions? Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services - 201 Mission Street San Francisco, CA 94105

*ProBusiness*

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | Number |
|---|---|---|---|---|---|---|---|
| ANITA B.  CARR | | | 013033 | 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 | Single | US-18/0   CA-18/0 | D467120 |

| Code | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|
| PNBC | 1 | 0008 | 100203 | 10/19/98 | 07/28/01 | 08/10/01 | 08/10/01 |

| Earnings | Rate | Units | Current | Year To Date |
|---|---|---|---|---|
| Salary | - | - | 5,192.31 | 79,961.57 |
| Mgmt Incentive Plan Awar | - | - | - | 9,003.35 |
| Stock Ownership Plan Mat | - | - | - | 8,263.40 |
| Time Bank - Planned | - | - | - | 2,596.16 |
| Time Bank - Unplanned | - | - | - | 519.23 |
| PVN Dividend -Restricted | - | - | - | 25.44 |
| Group Term Life >$50,000 | - | - | 36.09 | 577.44 |
| Flex Benefit Credits | - | - | 180.76 | 2,892.16 |
| Total | | | 5,409.16 | 103,838.75 |

**Paid Time Off**

| | Eligible Amt |
|---|---|
| Time Bank Bal (Hrs) | 192.00 |

**Direct Deposit Accounts**

| | Amount |
|---|---|
| Checking - 0043862308 | 3514.77 |

**Memo Entries**

| | Current | Year To Date |
|---|---|---|
| 401(k) Plan - Employer Match | 171.35 | 3,038.65 |

**Messages**

NonExempt PTO Balance Reflect Time
Reported Through 08/03/01

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 568.71 | 13,683.40 |
| Social Security (FICA) | - | 4,984.80 |
| Federal Medicare | 75.27 | 1,453.08 |
| California Income Tax | 301.61 | 5,754.59 |
| California State Disability | - | 416.94 |
| Total | 945.59 | 26,292.81 |

| Pre-Tax Deductions | | |
|---|---|---|
| 401(k) Salary Deferral | 519.23 | 9,789.66 |
| Medical Plan | 151.26 | 2,420.16 |
| Dental Plan | 35.07 | 561.12 |
| Vision Plan | 8.46 | 135.36 |
| Life Insurance Plan | 12.60 | 201.60 |
| Accidental Death & Dismmbrment | 1.73 | 27.68 |
| Health Care FSA | 9.61 | 153.76 |
| Dependent Care FSA | - | 101.52 |
| Total | 737.96 | 13,390.86 |

| After-Tax Deductions | | |
|---|---|---|
| Taxable 401(k) | 155.77 | 1,817.32 |
| PVN Dividend -Restricted | - | 25.44 |
| SOP Shares Delivered | - | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 144.00 |
| Dependent Life | 0.85 | 13.60 |
| Short-Term Disability Plan | 9.13 | 146.08 |
| Group Term Life > $50,000 | 36.09 | 577.44 |
| Total | 210.84 | 10,987.28 |

| W2 Gross | 4,671.20 | 90,447.89 |
|---|---|---|

**Paycheck Questions?  Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services - 201 Mission Street San Francisco, CA  94105

*ProBusiness*

| Employee | | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|---|
| ANITA B. CARR | | | 013033 | 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 | Single | | US-18/0   CA-18/0 | | 1040708 |

| Code | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|
| PNBC | 1 | 0008 | 100203 | 10/19/98 | 08/25/01 | 09/07/01 | 08/27/01 |

*8/27  8/28*

| Earnings | Rate | Units | Current | Year To Date |
|---|---|---|---|---|
| Salary | 64.9039 | 16.00 | 1,038.46 | 86,192.34 |
| Mgmt Incentive Plan Award | | | | 9,003.35 |
| Stock Ownership Plan Match | | | | 8,263.40 |
| Time Bank - Planned | | | | 2,596.16 |
| Time Bank - Unplanned | | | | 2,596.16 |
| → Time Bank - Termination | 64.9039 | 40.00 *5 days* | 2,596.16 | 519.23 |
| PVN Dividend -Restricted | | | | 2,596.16 |
| Group Term Life >$50,000 | | | | 25.44 |
| Flex Benefit Credits | | | 36.09 | 649.62 |
| Total | | | 180.76 | 3,253.68 |
| | | | 3,851.47 | 113,099.38 |

| Paid Time Off | | |
|---|---|---|
| Time Bank Bal (Hrs) | Eligible Amt | 192.00 |

| Memo Entries | Current | Year To Date |
|---|---|---|
| 401(k) Plan - Employer Match | 34.27 | 3,244.27 |

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | | |
| Social Security (FICA) | 253.23 | 14,505.34 |
| Federal Medicare | | 4,984.80 |
| California Income Tax | 52.67 | 1,581.01 |
| California State Disability | 195.37 | 6,251.57 |
| Total | 501.27 | 27,739.66 |

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | 103.85 | 10,412.74 |
| Medical Plan | 151.26 | 2,722.68 |
| Dental Plan | 35.07 | 631.26 |
| Vision Plan | 8.46 | 152.28 |
| Life Insurance Plan | 12.60 | 226.80 |
| Accidental Death & Dismmbrment | 1.73 | 31.14 |
| Health Care FSA | 9.61 | 172.98 |
| Dependent Care FSA | | |
| Total | 322.58 | 14,451.40 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Taxable 401(k) | 26.91 | 2,000.00 |
| PVN Dividend -Restricted | | 25.44 |
| SOP Shares Delivered | | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 162.00 |
| Dependent Life | 0.85 | 15.30 |
| Short-Term Disability Plan | 9.13 | 164.34 |
| Group Term Life > $50,000 | 36.09 | 649.62 |
| Total | 81.98 | 11,280.10 |

## Paycheck Questions? Call the Payroll Hotline at 1-800-679-4757

Providian Bancorp Services - 201 Mission Street  San Francisco,   CA   94105

ProBusiness

| Employee | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|
| ANITA B. CARR | | 013033 | 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 | Single | US-18/0  CA-18/0 | | 1041533 |

| Code | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|
| PNBC | 1 | 0008 | 100203 | 10/19/98 | 08/25/01 | 09/07/01 | 09/26/01 |

| Earnings | Rate | Units | Current | Year To Date |
|---|---|---|---|---|
| Salary | 64.9039 | 64.00 | 4,153.85 | 90,346.19 |
| Mgmt Incentive Plan Award | | | | 9,003.35 |
| Stock Ownership Plan Match | | | | 8,263.40 |
| Time Bank - Planned | | | | 2,596.16 |
| Time Bank - Unplanned | | | | 519.20 |
| Time Bank - Termination | | | | 2,596.16 |
| PVN Dividend - Restricted | | | | 25.44 |
| Group Term Life >$50,000 | | | | 649.62 |
| Flex Benefit Credits | | | | 3,253.68 |
| Customer Svc Challenge Bonus | | | | 500.00 |
| Total | | | 4,153.85 | 117,753.23 |

| Paid Time Off | Eligible Amt |
|---|---|
| Time Bank Bal (Hrs) | 152.00 |

| Memo Entries | | Current | Year To Date |
|---|---|---|---|
| 401(k) Plan   Employer Match | | 137.07 | 3,397.84 |

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 421.65 | 15,050.74 |
| Social Security (FICA) | | 4,984.80 |
| Federal Medicare | 60.23 | 1,648.49 |
| California Income Tax | 253.38 | 6,531.95 |
| California State Disability | | 416.94 |
| Total | 735.26 | 28,632.92 |

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | 37.26 | 10,500.00 |
| Medical Plan | | 2,722.68 |
| Dental Plan | | 531.26 |
| Vision Plan | | 152.28 |
| Life Insurance Plan | | 226.80 |
| Accidental Death & Dismmbrment | | 31.14 |
| Health Care FSA | | 172.98 |
| Dependent Care FSA | | 101.52 |
| Total | 37.26 | 14,538.66 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Taxable 401(k) | | 2,015.00 |
| PVN Dividend - Restricted | | 25.44 |
| SOP Shares Delivered | | 8,263.40 |
| Long-Term Disability After Tax | | 162.00 |
| Dependent Life | | 15.30 |
| Short-Term Disability Plan | | 164.34 |
| Group Term Life > $50,000 | | 649.62 |
| Total | | 11,295.10 |

*PAY STUB FROM LAYOFF DAY* (handwritten)

**Paycheck Questions?  Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services  -  201 Mission Street  San Francisco,  CA  94105

**ProBusiness**

| Employee | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|----------|--|-----|-----------------|--------|--|------------------------|--|--------|
| ANITA B. CARR | | 013033 | 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 | Single | | US-18/0  CA-18/0 | | 1041534 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|------|--|----------|----------|------------|-----------|--------------|-----------|----------|
| PNBC | | 1 | 0008 | 100203 | 10/19/98 | 09/08/01 | 09/21/01 | 09/26/01 |

| Earnings | Rate | Units | Current | Year To Date |
|----------|------|-------|---------|--------------|
| Salary | | | 5,192.31 | 95,538.50 |
| Mgmt Incentive Plan Award | | | | 9,003.35 |
| Stock Ownership Plan Match | | | | 8,263.40 |
| Time Bank - Planned | | | | 2,596.16 |
| Time Bank - Unplanned | | | | 519.23 |
| Time Bank | | | | 2,596.16 |
| PVN Dividend -Restricted | | | | 25.44 |
| Group Term Life >$50,000 | | | 36.09 | 685.71 |
| Flex Benefit Credits | | | 180.76 | 3,434.44 |
| Customer Svc Challenge Bonus | | | | 500.00 |
| Total | | | 5,409.16 | 123,162.39 |

**Paid Time Off**

| | Eligible Amt |
|--|--------------|
| Time Bank Bal (Hrs) | 152.00 |

**Memo Entries**

| | Current | Year To Date |
|--|---------|--------------|
| 401(k) Plan - Employer Match | 171.35 | 3,569.19 |

| Taxes | | | Current | Year To Date |
|-------|--|--|---------|--------------|
| Federal Income Tax | | | 724.48 | 15,775.22 |
| Social Security (FICA) | | | | 4,984.80 |
| Federal Medicare | | | 75.26 | 1,723.75 |
| California Income Tax | | | 349.90 | 6,881.85 |
| California State Disability | | | | 416.94 |
| Total | | | 1,149.64 | 29,782.56 |

| Pre-Tax Deductions | | | Current | Year To Date |
|--------------------|--|--|---------|--------------|
| 401(k) Salary Deferral | | | | 10,500.00 |
| Medical Plan | | | 151.26 | 2,873.94 |
| Dental Plan | | | 35.07 | 666.33 |
| Vision Plan | | | 8.46 | 160.74 |
| Life Insurance Plan | | | 12.60 | 239.40 |
| Accidental Death & Dismmbrment | | | 1.73 | 32.87 |
| Health Care FSA | | | 9.61 | 182.59 |
| Dependent Care FSA | | | | 101.52 |
| Total | | | 218.73 | 14,757.39 |

| After-Tax Deductions | | | Current | Year To Date |
|----------------------|--|--|---------|--------------|
| 401(K) Loan #1 | | | 196.77 | 196.77 |
| Taxable 401(k) | | | | 2,015.00 |
| PVN Dividend -Restricted | | | | 25.44 |
| SOP Shares Delivered | | | | 8,263.40 |
| Long-Term Disability After Tax | | | 9.00 | 171.00 |
| Dependent Life | | | 0.85 | 16.15 |
| Short-Term Disability Plan | | | 9.13 | 173.47 |
| Group Term Life > $50,000 | | | 36.09 | 685.71 |
| Total | | | 251.84 | 11,546.94 |

**Paycheck Questions?  Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services  -  201 Mission Street  San Francisco,  CA  94105

p. 5

**ProBusiness**

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| ANITA B. CARR | | | 013033 | 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 | Single | US-18/0 | CA-18/0 | 0307667 |

| Code | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|
| PNBC | 1 | 0008 | 100203 | 10/19/98 | 09/22/01 | 10/05/01 | 10/05/01 |

| Earnings | Rate | Units | Current | Year To Date |
|---|---|---|---|---|
| Salary | - | - | 5,192.31 | 100,730.81 |
| Mgmt Incentive Plan Awar | - | - | - | 9,003.35 |
| Stock Ownership Plan Mat | - | - | - | 8,263.40 |
| Time Bank - Planned | - | - | - | 2,596.16 |
| Time Bank - Unplanned | - | - | - | 519.23 |
| Time Bank | - | - | - | 2,596.16 |
| PVN Dividend -Restricted | - | - | - | 25.44 |
| Group Term Life >$50,000 | - | - | 36.09 | 721.80 |
| Flex Benefit Credits | - | - | 180.76 | 3,615.20 |
| Customer Svc Challenge B | - | - | - | 500.00 |
| Total | | | 5,409.16 | 128,571.55 |

**Paid Time Off** — Eligible Amt
Time Bank Bal (Hrs) — 152.00

**Memo Entries** — Current / Year To Date
401(k) Plan - Employer Match — 171.35 / 3,740.54

**Messages**
NonExempt PTO Balance Reflect Time
Reported Through 09/28/01

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 724.48 | 16,499.70 |
| Social Security (FICA) | - | 4,984.80 |
| Federal Medicare | 75.26 | 1,799.01 |
| California Income Tax | 349.90 | 7,231.75 |
| California State Disability | - | 416.94 |
| Total | 1,149.64 | 30,932.20 |

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | - | 10,500.00 |
| Medical Plan | 151.26 | 3,025.20 |
| Dental Plan | 35.07 | 701.40 |
| Vision Plan | 8.46 | 169.20 |
| Life Insurance Plan | 12.60 | 252.00 |
| Accidental Death & Dismmbrment | 1.73 | 34.60 |
| Health Care FSA | 9.61 | 192.20 |
| Dependent Care FSA | - | 101.52 |
| Total | 218.73 | 14,976.12 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(K) Loan #1 | 196.77 | 393.54 |
| Taxable 401(k) | - | 2,015.00 |
| PVN Dividend -Restricted | - | 25.44 |
| SOP Shares Delivered | - | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 180.00 |
| Dependent Life | 0.85 | 17.00 |
| Short-Term Disability Plan | 9.13 | 182.60 |
| Group Term Life > $50,000 | 36.09 | 721.80 |

**Paycheck Questions? Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services - 201 Mission Street San Francisco, CA 94105

*ProBusiness*

I d

| Employee | | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|---|
| ANITA B.   CARR | | | 013033 | 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 | Single | | US-18/0 | CA-18/0 | 0311459 |

| Code | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|
| PNBC | 1 | 0008 | 100203 | 10/19/98 | 10/06/01 | 10/19/01 | 10/19/01 |

| Earnings | Rate | Units | Current | Year To Date | | Paid Time Off | | | Eligible Amt |
|---|---|---|---|---|---|---|---|---|---|
| Salary | - | - | 5,192.31 | 105,923.12 | | Time Bank Bal (Hrs) | | | 152.00 |
| Mgmt Incentive Plan Awar | - | - | - | 9,003.35 | | | | | |
| Stock Ownership Plan Mat | - | - | - | 8,263.40 | | | | | |
| Time Bank - Planned | - | - | - | 2,596.16 | | Memo Entries | | Current | Year To Date |
| Time Bank - Unplanned | - | - | - | 519.23 | | 401(k) Plan - Employer Match | | 171.34 | 3,911.88 |
| Time Bank | - | - | - | 2,596.16 | | | | | |
| PVN Dividend -Restricted | - | - | 12.72 | 38.16 | | | | | |
| Group Term Life >$50,000 | - | - | 36.09 | 757.89 | | Messages | | | |
| Flex Benefit Credits | - | - | 180.76 | 3,795.96 | | NonExempt PTO Balance Reflect Time | | | |
| Customer Svc Challenge B | - | - | - | 500.00 | | Reported Through 10/12/01 | | | |
| Total | | | 5,421.88 | 133,993.43 | | | | | |

| Taxes | | | | |
|---|---|---|---|---|
| Federal Income Tax | | 727.97 | 17,227.67 | |
| Social Security (FICA) | | - | 4,984.80 | |
| Federal Medicare | | 75.27 | 1,874.28 | |
| California Income Tax | | 350.66 | 7,582.41 | |
| California State Disability | | - | 416.94 | |
| Total | | 1,153.90 | 32,086.10 | |

| Pre-Tax Deductions | | | |
|---|---|---|---|
| 401(k) Salary Deferral | - | 10,500.00 | |
| Medical Plan | 151.26 | 3,176.46 | |
| Dental Plan | 35.07 | 736.47 | |
| Vision Plan | 8.46 | 177.66 | |
| Life Insurance Plan | 12.60 | 264.60 | |
| Accidental Death & Dismmbrment | 1.73 | 36.33 | |
| Health Care FSA | 9.61 | 201.81 | |
| Dependent Care FSA | - | 101.52 | |
| Total | 218.73 | 15,194.85 | |

| After-Tax Deductions | | | |
|---|---|---|---|
| 401(K) Loan #1 | 196.77 | 590.31 | |
| Taxable 401(k) | - | 2,015.00 | |
| PVN Dividend -Restricted | 12.72 | 38.16 | |
| SOP Shares Delivered | - | 8,263.40 | |
| Long-Term Disability After Tax | 9.00 | 189.00 | |
| Dependent Life | 0.85 | 17.85 | |
| Short-Term Disability Plan | 9.13 | 191.73 | |
| Group Term Life > $50,000 | 36.09 | 757.89 | |

**Paycheck Questions?  Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services - 201 Mission Street San Francisco, CA  94105

*ProBusiness*

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| ANITA B. CARR | | | 013033 | 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 | Single | US-18/0 | CA-18/0 | 0314832 |

| Code | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|
| PNBC | 1 | 0008 | 100203 | 10/19/98 | 10/20/01 | 11/02/01 | 11/02/01 |

| Earnings | Rate | Units | Current | Year To Date |
|---|---|---|---|---|
| Salary | - | - | 5,192.31 | 111,115.43 |
| Mgmt Incentive Plan Awar | - | - | - | 9,003.35 |
| Stock Ownership Plan Mat | - | - | - | 8,263.40 |
| Time Bank - Planned | - | - | - | 2,596.16 |
| Time Bank - Unplanned | - | - | - | 519.23 |
| Time Bank | - | - | - | 2,596.16 |
| PVN Dividend -Restricted | - | - | - | 38.16 |
| Group Term Life >$50,000 | - | - | 36.09 | 793.98 |
| Flex Benefit Credits | - | - | 180.76 | 3,976.72 |
| Customer Svc Challenge B | - | - | - | 500.00 |
| Total | | | 5,409.16 | 139,402.59 |

**Paid Time Off**

| | Eligible Amt |
|---|---|
| Time Bank Bal (Hrs) | 152.00 |

**Memo Entries**

| | Current | Year To Date |
|---|---|---|
| 401(k) Plan - Employer Match | 171.35 | 4,083.23 |

**Messages**

NonExempt PTO Balance Reflect Time
Reported Through 10/26/01

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 724.48 | 17,952.15 |
| Social Security (FICA) | - | 4,984.80 |
| Federal Medicare | 75.26 | 1,949.54 |
| California Income Tax | 349.90 | 7,932.31 |
| California State Disability | - | 416.94 |
| Total | 1,149.64 | 33,235.74 |

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | - | 10,500.00 |
| Medical Plan | 151.26 | 3,327.72 |
| Dental Plan | 35.07 | 771.54 |
| Vision Plan | 8.46 | 186.12 |
| Life Insurance Plan | 12.60 | 277.20 |
| Accidental Death & Dismmbrment | 1.73 | 38.06 |
| Health Care FSA | 9.61 | 211.42 |
| Dependent Care FSA | - | 101.52 |
| Total | 218.73 | 15,413.58 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(K) Loan #1 | 196.77 | 787.08 |
| Taxable 401(k) | - | 2,015.00 |
| PVN Dividend -Restricted | - | 38.16 |
| SOP Shares Delivered | - | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 198.00 |
| Dependent Life | 0.85 | 18.70 |
| Short-Term Disability Plan | 9.13 | 200.86 |
| Group Term Life > $50,000 | 36.09 | 793.98 |

**Paycheck Questions? Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services - 201 Mission Street San Francisco, CA 94105

**ProBusiness**

p. 5

| Employee | | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|---|
| ANITA B.  CARR | | | 013033 | 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 | Single | | US- 18/0   CA- 18/0 | | 0318267 |
| Code | | Paygroup | Division | Department | Hire Date | Period Start | | Period End | Pay Date |
| PNBC | | 1 | 0008 | 100203 | 10/19/98 | 11/03/01 | | 11/16/01 | 11/16/01 |

| Earnings | Rate | Units | Current | Year To Date |
|---|---|---|---|---|
| Salary | - | - | 5,192.31 | 116,307.74 |
| Mgmt Incentive Plan Awar | - | - | | 9,003.35 |
| Stock Ownership Plan Mat | - | - | | 8,263.40 |
| Time Bank - Planned | - | - | - | 2,596.16 |
| Time Bank - Unplanned | - | - | - | 519.23 |
| Time Bank - Termination | - | - | | 2,596.16 |
| PVN Dividend -Restricted | - | - | | 38.16 |
| Group Term Life >$50,000 | - | - | 36.09 | 830.07 |
| Flex Benefit Credits | - | - | 180.76 | 4,157.48 |
| Customer Svc Challenge B | - | - | | 500.00 |
| Total | | | 5,409.16 | 144,811.75 |

| Paid Time Off | | Eligible Amt |
|---|---|---|
| Time Bank Bal (Hrs) | | 152.00 |

| Memo Entries | | Current | Year To Date |
|---|---|---|---|
| 401(k) Plan - Employer Match | | 171.34 | 4,254.57 |

**Messages**

NonExempt PTO Balance Reflect Time
Reported Through 11/09/01

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 724.48 | 18,676.63 |
| Social Security (FICA) | | 4,984.80 |
| Federal Medicare | 75.26 | 2,024.80 |
| California Income Tax | 349.90 | 8,282.21 |
| California State Disability | | 416.94 |
| Total | 1,149.64 | 34,385.38 |

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | - | 10,500.00 |
| Medical Plan | 151.26 | 3,478.98 |
| Dental Plan | 35.07 | 806.61 |
| Vision Plan | 8.46 | 194.58 |
| Life Insurance Plan | 12.60 | 289.80 |
| Accidental Death & Dismmbrment | 1.73 | 39.79 |
| Health Care FSA | 9.61 | 221.03 |
| Dependent Care FSA | - | 101.52 |
| Total | 218.73 | 15,632.31 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(K) Loan #1 | 196.77 | 983.85 |
| Taxable 401(k) | - | 2,015.00 |
| PVN Dividend -Restricted | - | 38.16 |
| SOP Shares Delivered | - | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 207.00 |
| Dependent Life | 0.85 | 19.55 |
| Short-Term Disability Plan | 9.13 | 209.99 |
| Group Term Life > $50,000 | 36.09 | 830.07 |

**Paycheck Questions? Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services - 201 Mission Street  San Francisco,  CA  94105

*ProBusiness*

| Employee | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| ANITA B. CARR | | 013033 | 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 | Single | | US-18/0   CA-18/0 | | 1043047 |

| Code | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|
| PNBC | 1 | 0008 | 100203 | 10/19/98 | 11/17/01 | 11/30/01 | 11/27/01 |

| Earnings | Rate | Units | Current | Year To Date | | Memo Entries | Current | Year To Date |
|---|---|---|---|---|---|---|---|---|
| Salary | 64.9039 | 64.00 | 4,153.85 | 120,461.59 | | 401(k) Plan - Employer Match | 137.08 | 4,391.65 |
| Mgmt Incentive Plan Award | | | | 9,003.35 | | | | |
| Stock Ownership Plan Match | | | | 8,263.40 | | | | |
| Time Bank - Planned | | | | 2,596.16 | | | | |
| Time Bank - Unplanned | | | | 519.23 | | | | |
| Time Bank - Termination | | | | 2,596.16 | | | | |
| PVN Dividend -Restricted | | | | 38.16 | | | | |
| Group Term Life >$50,000 | | | 36.09 | 868.16 | | | | |
| Flex Benefit Credits | | | 180.76 | 4,338.24 | | | | |
| Customer Svc Challenge Bonus | | | | 500.00 | | | | |
| Total | | | 4,370.70 | 149,182.45 | | | | |

*Last Pay Stub*

→

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 421.46 | 19,098.09 |
| Social Security (FICA) | | 4,984.80 |
| Federal Medicare | 60.20 | 2,085.00 |
| California Income Tax | 253.32 | 8,535.53 |
| California State Disability | | 416.94 |
| Total | 734.98 | 35,120.36 |

| Pre-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(k) Salary Deferral | | 10,500.00 |
| Medical Plan | 151.26 | 3,630.24 |
| Dental Plan | 35.07 | 841.68 |
| Vision Plan | 8.46 | 203.04 |
| Life Insurance Plan | 12.60 | 302.40 |
| Accidental Death & Dismmbrment | 1.73 | 41.52 |
| Health Care FSA | 9.61 | 230.64 |
| Dependent Care FSA | | 101.52 |
| Total | 218.73 | 15,851.04 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| 401(K) Loan #1 | 196.77 | 1,180.62 |
| Taxable 401(k) | | 2,015.00 |
| PVN Dividend -Restricted | | 38.16 |
| SOP Shares Delivered | | 8,263.40 |
| Long-Term Disability After Tax | 9.00 | 216.00 |
| Dependent Life | 0.85 | 20.40 |
| Short-Term Disability Plan | 9.13 | 219.12 |
| Group Term Life > $50,000 | 36.09 | 866.16 |
| Total | 251.84 | 12,818.86 |

**Paycheck Questions?  Call the Payroll Hotline at 1-800-679-4757**

Providian Bancorp Services   -   201 Mission Street   San Francisco,   CA   94105

ProBusiness

p. 3

# Exhibit 4

## SECTION 2 - DEFINITIONS

In this section Liberty defines some basic terms needed to understand this policy.  The male pronoun whenever used in this policy includes the female.

**"Active Employment"** means the Employee must be actively at work for the Sponsor:

1.  on a full-time basis and paid regular earnings;

2.  for at least the minimum number of hours shown in the Schedule of Benefits; and either perform such work:

    a.  at the Sponsor's usual place of business; or
    b.  at a location to which the Sponsor's business requires the Employee to travel.

An Employee will be considered actively at work if he was actually at work on the day immediately preceding:

1.  a weekend (except where one or both of these days are scheduled days of work);
2.  holidays (except when such holiday is a scheduled work day);
3.  paid vacations;
4.  any non-scheduled work day;
5.  an excused leave of absence (except medical leave for the Covered Person's own disabling condition and lay-off); and
6.  an emergency leave of absence (except emergency medical leave for the Covered Person's own disabling condition).

**"Administrative Office"** means Liberty Life Assurance Company of Boston, 100 Liberty Way, Dover, New Hampshire 03820.

**"Annual Enrollment Period"** or **"Enrollment Period"** means the period before each policy anniversary so designated by the Sponsor and Liberty during which an Employee may enroll for coverage under this policy.

**"Application"** is the document designated Section 9, it is attached to and is made a part of this policy.

<u>Applicable to Employees hired prior to the first working day of the calendar year</u>

**"Basic Weekly Earnings"** or **"Basic Monthly Earnings"** or **"Pre-Disability Earnings"** means the Covered Person's annual earnings as of the first working day of the calendar year, immediately prior to the date Disability or Partial Disability begins, divided by 12 for monthly and 52 for weekly.  However, such earnings will not include bonuses, commissions, overtime pay and extra compensation.

<u>Applicable to Employees hired after the first working day of the calendar year</u>

**"Basic Weekly Earnings"** or **"Basic Monthly Earnings"** or **"Pre-Disability Earnings"** means the Covered Person's annual earnings as of their eligibility date, divided by 12 for monthly and 52 for weekly. However, such earnings will not include bonuses, commissions, overtime pay and extra compensation.

**"Covered Person"** means an Employee insured under this policy.

Form DOP3-DEF-0001 Definitions

# EXHIBIT <u>A</u>

# Exhibit 5

## SECTION 6 - TERMINATION PROVISIONS

**Termination of Covered Person's Insurance**

A Covered Person will cease to be insured on the earliest of the following dates:

1. the date this policy terminates, but without prejudice to any claim originating prior to the time of termination;

2. the date the Covered Person is no longer in an eligible class;

3. the date the Covered Person's class is no longer included for insurance;

4. the last day for which any required Employee contribution has been made;

5. the date employment terminates. Cessation of Active Employment will be deemed termination of employment, except the insurance will be continued for an Employee absent due to Disability during:

   a. the Elimination Period; and

   b. the period during which premium is being waived.

6. the date the Covered Person ceases active work due to a labor dispute, including any strike, work slowdown, or lockout.

Liberty reserves the right to review and terminate all classes insured under this policy if any class(es) cease(s) to be covered.

**Lay-off or Leave of Absence**

The Sponsor may continue the Covered Person's coverage(s) by paying the required premiums, if the Covered Person is:

1. temporarily laid off; or

2. given leave of absence.

The Covered Person's coverage will not continue beyond the end of the policy month in which the lay-off or leave of absence begins. In continuing such coverage under this provision, the Sponsor agrees to treat all Covered Persons equally.

**Form DOP3-TER-0001 Termination Provisions**

# EXHIBIT _____

# Exhibit 6



**Providian**

*Providing More*

March 14, 2005

Via Regular Mail

Steven P. Krafchick
Krafchick Law Firm
2701 First Avenue, Suite 340
Seattle, WA 98121-1123

      Re:    Request for Documents Related to Anita Carr

Dear Mr. Krafchick:

Thank you for your letter dated February 28, 2005 in which you requested documents related to Anita Carr. Providian has previously produced the requested employee-specific documents to Ms. Carr and, after receiving a signed authorization from Ms. Carr, to Liberty Mutual. Moreover, on August 25, 2004, Providian forwarded to your associate Ms. Scott plan-specific documents. As such, Providian has already produced these documents.

Please feel free to call me if you have any questions.

Sincerely,

D'Anne L. Gleicher
Legal Counsel

DLG/jj



RECEIVED
MAR 16 2005
KRAFCHICK LAW FIRM