PAMELA E. COGAN (SBN 105089)
pcogan@ropers.com
KATHRYN C. CURRY (SBN 157099)
kcurry@ropers.com
ERIN A. CORNELL (SBN 227135)
ecornell@ropers.com
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA B. CARR,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY; PROVIDIAN BANCORP SERVICES,<br><br>    Defendants. | CASE NO. C 05-3190 BZ<br><br>**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") in answer to the First Amended Complaint of plaintiff Anita B. Carr ("Carr") on file herein, and to each and every cause of action contained therein, admits, denies and alleges as follows:

**I. PARTIES, JURISDICTION AND VENUE**

1. Answering the allegations contained in paragraph 1, Liberty Life admits upon information and belief that Carr is a resident of Alameda County.

2. Answering the allegations contained in paragraph 2, Liberty Life admits the allegations contained therein.

3. Answering the allegations contained in paragraph 3, Liberty Life admits defendant Providian Bancorp Services ("Providian") is the ERISA Plan Administrator for the Providian

Financial Health Plan. Liberty Life further admits upon information and belief that Providian is based in San Francisco, California.

4. Answering the allegations contained in paragraph 4, Liberty Life admits on information and belief the allegations contained therein.

5. Answering the allegations contained in paragraph 5, Liberty Life denies the allegations contained therein on the ground the action is governed by ERISA, 29 U.S.C. §1001 *et seq*, and is subject to the exclusive remedies provided thereunder.

6. Answering the allegations contained in paragraph 6, Liberty Life admits jurisdiction is proper in the Northern District of California.

7. Answering the allegations contained in paragraph 7, Liberty Life admits this action is governed by ERISA, 29 U.S.C. §1001 *et seq*.

## II. FACTUAL ALLEGATIONS

1. Answering the allegations contained in paragraph 1, there are no allegations alleged in this paragraph.

2. Answering the allegations contained in paragraph 2, Liberty Life admits on information and belief that Carr was employed by Providian from October of 1998 to August 28, 2001. Liberty Life further admits that Exhibit 1 to plaintiff's complaint is a complete copy of Liberty Life's claim file, with the exception of 4 pages – a cover page to Carr's personnel file, a copy of D'Anne Gleicher's business card, the first page of an Activities Questionnaire completed by Carr and a letter to Carr from Marcia Eley dated March 22, 2002, and a surveillance DVD.

3. Answering the allegations contained in paragraph 3, Liberty Life admits on information and belief that Carr was employed by Providian as a director of data services and earned approximately $135,000 annually. As to the remaining allegations, Liberty Life denies the allegations contained therein.

4. Answering the allegations contained in paragraph 4, Liberty Life denies the allegations contained therein.

5. Answering the allegations contained in paragraph 5, Liberty Life admits Carr's treating physician, Rajiv Dixit, M.D., diagnosed her with fibromyalgia and Sjögren's Syndrome.

1  As to the remaining allegations, Liberty Life denies the allegations contained therein.

2  6. Answering the allegations contained in paragraph 6, Liberty Life denies the
3  allegations contained therein.

4  7. Answering the allegations contained in paragraph 7, Liberty Life denies Carr paid
5  long term disability policy premiums to Liberty Life. As to the remaining allegations, Liberty
6  Life denies the allegations contained therein as an inaccurate and incomplete summary of the
7  Group Disability Income Policy ("Policy"), which speaks for itself.

8  8. Answering the allegations contained in paragraph 8, Liberty Life denies each and
9  every allegation contained therein as an inaccurate and incomplete summary of Carr's pay check
10 stubs, which speak for themselves.

11 9. Answering the allegations contained in paragraph 9, Liberty Life denies the
12 allegations contained therein.

13 10. Answering the allegations contained in paragraph 10, Liberty Life denies the
14 allegations contained therein.

15 11. Answering the allegations contained in paragraph 11, Liberty Life admits upon
16 information and belief that Carr was laid off from Providian on or around August 28, 2001 and
17 that she signed a severance agreement in conjunction therewith. As to the remaining allegations,
18 Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete
19 summary of the severance agreement, which speaks for itself.

20 12. Answering the allegations contained in paragraph 12, Liberty Life denies each and
21 every allegation contained therein as an inaccurate and incomplete summary of the severance
22 agreement, which speaks for itself.

23 13. Answering the allegations contained in paragraph 13, Liberty Life admits Carr
24 received $36,000 pursuant to the severance agreement, which speaks for itself. As to the
25 remaining allegations, Liberty Life denies each and every allegation contained therein.

26 14. Answering the allegations contained in paragraph 14, Liberty Life denies the
27 allegations contained therein.

28 15. Answering the allegations contained in paragraph 15, Liberty denies the

1 allegations contained therein.

2     16.    Answering the allegations contained in paragraph 16, Liberty Life denies the
3 allegations contained therein.

4     17.    Answering the allegations contained in paragraph 17, Liberty Life denies the
5 allegations contained therein.

6     18.    Answering the allegations contained in paragraph 18, Liberty Life denies the
7 allegations contained therein as an inaccurate and incomplete summary of the severance
8 agreement, which speaks for itself.

9     19.    Answering the allegations contained in paragraph 19, Liberty Life denies the
10 allegations contained therein as an inaccurate and incomplete summary of the policy, which
11 speaks for itself.

12     20.    Answering the allegations contained in paragraph 20, Liberty Life denies the
13 allegations contained therein as an inaccurate and incomplete summary of the policy, which
14 speaks for itself.

15     21.    Answering the allegations contained in paragraph 21, Liberty Life admits on
16 information and belief that Carr was awarded Social Security Disability Benefits in the amount of
17 $1509.00 per month on or about September 27, 2003.. As to the remaining allegations, Liberty
18 Life denies the allegations contained therein.

19     22.    Answering the allegations contained in paragraph 22, Liberty Life denies each and
20 every allegation contained therein.

21     23.    Answering the allegations contained in paragraph 23, Liberty Life admits on
22 information and belief that Carr will reach the age of 65 on or about October 16, 2014. As to the
23 remaining allegations, Liberty Life denies each and every allegation contained therein.

24     24.    Answering the allegations contained in paragraph 24, Liberty Life denies each and
25 every allegation contained therein.

26     25.    Answering the allegations contained in paragraph 25, Liberty Life denies each and
27 every allegation contained therein.

28     26.    Answering the allegations contained in paragraph 26, Liberty Life admits Carr

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

submitted a claim for disability income benefits under the Policy issued by Liberty Life to Providian on or around November 29, 2001. Liberty Life further admits it denied Carr's claim on or around January 22, 2002.

27. Answering the allegations contained in paragraph 27, Liberty Life admits Carr appealed the denial of her claim for long term disability benefits on or around March 15, 2002. Liberty Life further admits it upheld the denial on or around April 29, 2002.

28. Answering the allegations contained in paragraph 28, Liberty Life admits Carr purported to submit another claim for disability benefits on or around July 28, 2003, which was denied by Liberty Life on or around November 17, 2003.

29. Answering the allegations contained in paragraph 29, Liberty Life admits Carr appealed the denial on or around December 14, 2004. Liberty Life further admits Carr submitted additional documentation with her appeal, which speak for themselves. As to the remaining allegations, Liberty Life denies each and every allegation contained therein.

30. Answering the allegations contained in paragraph 30, Liberty Life admits it upheld the denial of Carr's claim on or around January 28, 2005.

31. Answering the allegations contained in paragraph 31, Liberty Life admits on information and belief that on or around August 29, 2001, Carr's primary treating provider was Carol L. Lamb, M.D.

32. Answering the allegations contained in paragraph 32, Liberty Life admits on or around January 3, 2002 it received an Attending Physician's Statement completed by Dr. Lamb. As to the remaining allegations, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of the Attending Physician's Statement, which speaks for itself.

33. Answering the allegations contained in paragraph 33, Liberty Life admits Dr. Lamb found Carr had no physical limitations. As to the remaining allegations, Liberty Life denies each and every allegation contained therein.

34. Answering the allegations contained in paragraph 34, Liberty Life admits on information and belief that Dr. Lamb referred Carr to Dr. Dixit, a rheumatologist, on or around

1    October 2001.

2    35. Answering the allegations contained in paragraph 35, Liberty Life denies each and every allegation contained therein.

4    36. Answering the allegations contained in paragraph 36, Liberty Life admits Dr. Lamb wrote a letter dated October 1, 2004. As to the remaining allegations, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of the letter, which speaks for itself.

8    37. Answering the allegations contained in paragraph 37, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Lamb's October 1, 2004 letter, which speaks for itself.

11   38. Answering the allegations contained in paragraph 38, Liberty Life admits on information and belief that Carr first saw Dr. Dixit on October 24, 2001. Liberty Life further admits Dr. Dixit diagnosed Carr with Sjögren's Syndrome, fibromyalgia syndrome and hypertension. As to the remaining allegations, Liberty Life denies each and every allegation contained therein.

16   39. Answering the allegations contained in paragraph 39, Liberty Life denies each and every allegation contained therein.

18   40. Answering the allegations contained in paragraph 40, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Dixit's March 26, 2003 report, which speaks for itself.

21   41. Answering the allegations contained in paragraph 41, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Dixit's September 2, 2004 report, which speaks for itself.

24   42. Answering the allegations contained in paragraph 42, Liberty Life admits on information and belief that Carr saw Robert Bennett, M.D. on or about April 13, 2004.

26   43. Answering the allegations contained in paragraph 43, Liberty Life admits on information and belief that Dr. Bennett is a rheumatologist. As to the remaining allegations, Liberty Life denies each and every allegation contained therein.

RC1/380581.1/EAC         - 6 -         DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO 1ST AMENDED COMPLAINT C 05-3190 BZ

44. Answering the allegations contained in paragraph 44, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Bennett's April 14, 2004 report, which speaks for itself.

45. Answering the allegations contained in paragraph 45, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Bennett's April 14, 2004 report, which speaks for itself.

46. Answering the allegations contained in paragraph 46, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Bennett's April 14, 2004 report, which speaks for itself.

47. Answering the allegations contained in paragraph 47, Liberty Life admits Theodore Becker, Ph.D., RPT evaluated Carr on or about May 4, 2004. As to the remaining allegations, Liberty Life denies each and every allegation contained therein.

48. Answering the allegations contained in paragraph 48, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Becker's report, which speaks for itself.

49. Answering the allegations contained in paragraph 49, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Becker's report, which speaks for itself.

50. Answering the allegations contained in paragraph 50, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Becker's report, which speaks for itself.

51. Answering the allegations contained in paragraph 51, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Becker's report, which speaks for itself.

52. Answering the allegations contained in paragraph 52, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Becker's report, which speaks for itself.

53. Answering the allegations contained in paragraph 53, Liberty Life denies each and

every allegation contained therein as an inaccurate and incomplete summary of Dr. Becker's report, which speaks for itself.

54. Answering the allegations contained in paragraph 54, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Becker's report, which speaks for itself.

55. Answering the allegations contained in paragraph 55, Liberty Life admits Carr was evaluated by Jay M. Uomoto, Ph.D. As to the remaining allegations, Liberty Life denies each and every allegation contained therein.

56. Answering the allegations contained in paragraph 56, Liberty Life admits on information and belief that Dr. Uomoto is a licensed psychologist. As to the remaining allegations, Liberty Life denies the allegations contained therein.

57. Answering the allegations contained in paragraph 57, Liberty Life admits on information and belief the allegations contained therein.

58. Answering the allegations contained in paragraph 58, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Uomoto's May 7, 2004 report, which speaks for itself.

59. Answering the allegations contained in paragraph 59, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Uomoto's May 7, 2004 report, which speaks for itself.

60. Answering the allegations contained in paragraph 60, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Dr. Uomoto's May 7, 2004 report, which speaks for itself.

61. Answering the allegations contained in paragraph 61, Liberty Life admits on information and belief that Carr was evaluated by Donald Uslan, MA, MBA on or about May 5, 2004. As to the remaining allegations, Liberty Life denies each and every allegation contained therein.

62. Answering the allegations contained in paragraph 62, Liberty Life denies the allegations contained therein as an inaccurate and incomplete summary of Mr. Uslan's report,

RC1/380581.1/EAC                              - 8 -                   DEFENDANT LIBERTY LIFE ASSURANCE
                                                                      COMPANY OF BOSTON'S ANSWER TO 1ST
                                                                      AMENDED COMPLAINT C 05-3190 BZ

which speaks for itself.

63. Answering the allegations contained in paragraph 63, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Mr. Uslan's report, which speaks for itself.

64. Answering the allegations contained in paragraph 64, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Mr. Uslan's report, which speaks for itself.

65. Answering the allegations contained in paragraph 65, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Mr. Uslan's report, which speaks for itself.

66. Answering the allegations contained in paragraph 66, Liberty Life admits on information and belief that Carr's family and friends have written personal statements on Carr's behalf. As to the remaining allegations, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of these written statements, which speak for themselves.

67. Answering the allegations contained in paragraph 67, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Amy Chernay's letter, which speaks for itself.

68. Answering the allegations contained in paragraph 68, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Ellen Hancock's letter, which speaks for itself.

69. Answering the allegations contained in paragraph 69, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of Elena Carr's letter, which speaks for itself.

70. Answering the allegations contained in paragraph 70, Liberty Life admits on information and belief that Carr wrote a letter dated October 8, 2004, which speaks for itself. As to the remaining allegations, Liberty Life denies the allegations contained therein.

71. Answering the allegations contained in paragraph 71, Liberty Life denies the

1 allegations contained therein

2     72. Answering the allegations contained in paragraph 72, Liberty Life denies each and every allegation contained therein.

4     73. Answering the allegations contained in paragraph 73, Liberty Life denies each and every allegation contained therein.

6     74. Answering the allegations contained in paragraph 74, Liberty Life denies the allegations contained therein.

8     75. Answering the allegations contained in paragraph 75, Liberty Life admits on information and belief that Providian's in house counsel, D'Anne L. Gleicher, wrote a letter to Carr's counsel on or about March 14, 2005. As to the remaining allegations, Liberty Life denies each and every allegation contained therein as an inaccurate and incomplete summary of this letter, which speaks for itself.

### III. ESTOPPEL

14     1. Answering the allegations contained in paragraph 1, Liberty Life denies the allegations contained therein.

16     2. Answering the allegations contained in paragraph 2, Liberty Life denies the allegations contained therein.

18     3. Answering the allegations contained in paragraph 3, Liberty Life admits it accepted premiums from Providian for the Group Disability Income policy.

20     4. Answering the allegations contained in paragraph 4, Liberty Life denies each and every allegation contained therein.

22     5. Answering the allegations contained in paragraph 5, Liberty Life denies each and every allegation contained therein.

24     6. Answering the allegations contained in paragraph 6, Liberty Life denies each and every allegation contained therein.

26     7. Answering the allegations contained in paragraph 7, Liberty Life denies that its conduct was misleading.

28     8. Answering the allegations contained in paragraph 8, Liberty Life denies each and

RC1/380581.1/EAC — 10 — DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO 1ST AMENDED COMPLAINT C 05-3190 BZ

every allegation contained therein.

## IV. RIGHT TO BENEFITS UNDER ERISA

Liberty Life admits and denies each of the allegations contained above as though fully set forth herein, and incorporates the same by reference.

1. Answering the allegations contained in paragraph 1, Liberty Life admits the long term disability policy at issue is governed by ERISA.

2. Answering the allegations contained in paragraph 2, Liberty Life denies each and every allegation contained therein.

3. Answering the allegations contained in paragraph 3, Liberty Life denies each and every allegation contained therein.

4. Answering the allegations contained in paragraph 4, Liberty Life denies each and every allegation contained therein.

5. Answering the allegations contained in paragraph 5, Liberty Life admits each and every allegation contained therein.

## V. CONTRACT DEFENSES SUPPORTING DECLARATORY JUDGMENT INVALIDATING THE SEVERANCE AGREEMENT

Liberty Life admits and denies each of the allegations contained above as though fully set forth herein, and incorporates the same by reference.

1. Answering the allegations contained in paragraph 1, Liberty Life denies the allegations contained therein.

2. Answering the allegations contained in paragraph 2, Liberty Life denies the allegations contained therein.

3. Answering the allegations contained in paragraph 3, Liberty Life denies the allegations contained therein.

4. Answering the allegations contained in paragraph 4, Liberty Life denies the allegations contained therein.

5. Answering the allegations contained in paragraph 5, Liberty Life denies the allegations contained therein.

1      6.    Answering the allegations contained in paragraph 6, Liberty Life denies the allegations contained therein.

    7.    Answering the allegations contained in paragraph 7, Liberty Life denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (No Coverage/Barred by Terms and Conditions)

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the claims alleged against defendant, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in the group disability income policy issued by this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

#### (Conditions Precedent)

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, Carr failed to perform certain conditions precedent to the duty of defendant. These conditions precedent were imposed upon Carr by contract. The non-performance of said conditions excused defendant's obligations under the contract and has given defendant the right of disaffirmance, rescission and release; Carr is therefore barred from recovery herein.

## FOURTH AFFIRMATIVE DEFENSE

(Liberty Life's Conduct Not Arbitrary or Capricious)

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that its conduct was not arbitrary or capricious.

## FIFTH AFFIRMATIVE DEFENSE

(Prior Settlement and Release)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that the causes of action asserted herein were settled, satisfied, extinguished and supported by adequate consideration prior to the serving of this lawsuit on these defendants, and the prior settlement operates to bar the same.

## SIXTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that the causes of action asserted herein were settled, satisfied and released, and an accord of all claims reached, and the prior settlement operates to bar plaintiff's complaint.

## SEVENTH AFFIRMATIVE DEFENSE

(Plaintiff not a Covered Person under the Policy)

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's claims against Liberty Life are barred because plaintiff was no longer covered under the policy at the time of her alleged disability.

1  WHEREFORE, this answering defendant prays for judgment as follows:

2     1.    That plaintiff take nothing by her complaint;

3     2.    For costs of suit incurred herein;

4     3.    For attorneys' fees, and

5     4.    For such other and further relief as the Court deems proper.

6  Dated: October 14, 2005            ROPERS, MAJESKI, KOHN & BENTLEY

8  By: /s/ Kathryn C. Curry
    PAMELA E. COGAN
    KATHRYN C. CURRY
    ERIN A. CORNELL
    Attorneys for Defendant
    LIBERTY LIFE ASSURANCE
    COMPANY OF BOSTON

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/380581.1/EAC    - 14 -    DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO 1ST AMENDED COMPLAINT C 05-3190 BZ