1  DAVID J. REIS (No. 155782)
   DIPANWITA DEB AMAR (No. 184779)
2  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
3  A Professional Corporation
   Three Embarcadero Center, 7th Floor
4  San Francisco, California 94111-4024
   Telephone:   415/434-1600
5  Facsimile:   415/217-5910

6  Attorneys for Defendants
   PROVIDIAN BANCORP SERVICES AND
7  PROVIDIAN FINANCIAL HEALTH PLAN

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12 ANITA B. CARR,                      No. C 05-03190 TEH

13                Plaintiff,            Action Filed: August 5, 2005

14      v.                              **NOTICE OF MOTION AND MOTION
                                        OF DEFENDANTS PROVIDIAN
15 LIBERTY LIFE ASSURANCE COMPANY,     BANCORP SERVICES AND
   et al.,                              PROVIDIAN FINANCIAL HEALTH
16                                      PLAN TO DISMISS AND, IN THE
                Defendants.             ALTERNATIVE, TO COMPEL
17                                      ARBITRATION AND STAY**

18                                      Date:   January 30, 2006
                                        Time:   10:00 a.m.
19                                      Place:  Courtroom 12
                                        Judge:  Hon. Thelton E. Henderson
20
                                        Trial Date:   None Set
21

NOTICE OF MOTION AND MOTION TO DISMISS AND TO COMPEL ARBITRATION        C 05-03190 TEH

## NOTICE OF MOTION AND MOTION

Please take notice that on January 30, 2006, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Thelton E. Henderson, United States District Court for the Northern District of California, Courtroom 12, 450 Golden Gate Avenue, San Francisco, California, Defendants Providian Bancorp Services ("PBS") and Providian Financial Health Plan ("Plan") (together "the Providian Defendants") will bring for hearing their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and/or, in the alternative, Motion to Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and the California Arbitration Act, Cal. Code Civ. Proc. §1281 *et. seq.* and a Motion to Stay proceedings pending the arbitration. This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the supporting Declaration of Dipanwita Deb Amar, the pleadings on file in this action, and such other matters and arguments as may be presented to the Court.

## STATEMENT OF RELIEF SOUGHT

The Providian Defendants seek, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), an order dismissing all claims filed by Plaintiff Anita Carr ("Plaintiff") against them because Plaintiff has entered into a binding arbitration agreement with PBS that covers all claims in this action against them and therefore, this Court does not have jurisdiction over this matter. In the alternative, the Providian Defendants seek an order compelling arbitration of all claims filed against them and to stay the action against them pending the arbitration proceedings.

## MEMORANDUM OF POINTS AND AUTHORITIES
## PRELIMINARY STATEMENT

In her employment agreement with PBS, Plaintiff Anita Carr agreed to submit any claims she had "arising out of or in any way related to [her employment agreement], her employment with [PBS] or the termination of [her] employment" to binding arbitration. Despite her agreement, Plaintiff filed the instant action, alleging that she was denied long term disability benefits under the Plan, to which she was entitled as a result of her

employment with PBS. Plaintiff's claims fall squarely within the scope of her arbitration agreement.

Plaintiff has, thus far, refused the Providian Defendants' written demand to proceed to arbitration, leaving the Providian Defendants with no choice but to request that this action against them be dismissed as this Court has no jurisdiction to entertain it. *See Chappel v. Laboratory Corp. or America*, 232 F.3d 719 (9th Cir. 2000) (granting motion to dismiss under Rule 12(b)(6) where plaintiff's ERISA claims were barred by arbitration agreement); *Simon v. Pfizer Inc.*, 398 F.3d 765 (6th Cir. 2005) (granting motion to dismiss under Rules 12(b)(6) and 12(b)(1) because "a compulsory arbitration provision divests the District Court of jurisdiction over claims that seek benefits under an ERISA plan"). In connection with this request or, in the alternative, the Providian Defendants request that Plaintiff be compelled to submit her claims to arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. §§1 *et. seq*. and the California Arbitration Act, Cal. Code Civ. Proc. §1281 *et. seq*.

**FACTUAL BACKGROUND**

**A.   Plaintiff Agrees To Arbitrate Disputes Arising Out Of Her Employment And Termination.**

Plaintiff Carr began her employment with PBS in October 1998. CF 101-03.[1] Her employment agreement, dated October 13, 1998, contains various terms and conditions of her employment, including, among other things, her "compensation and benefits." *Id.* The employment agreement, which Plaintiff signed, includes a mandatory arbitration clause, which states:

> BINDING ARBITRATION – ATTORNEYS' FEES. In case of any dispute or disagreement arising out of or in any way related to this Agreement, your employment with us or the termination of your employment (including, but not

---

[1] Plaintiff's employment agreement is attached as an exhibit to Plaintiff's Complaint bate stamped as CF 101-03. All further references to "CF" are to exhibits attached to Plaintiff's Complaint. Plaintiff's First Amended Complaint ("FAC") incorporates by reference all exhibits attached to Plaintiff's Complaint. *See* FAC § 2 ¶ 1.)

limited to, claims of discrimination, harassment, wrongful discharge, breach of contract, tortious conduct, statutory violations or unpaid wages or benefits), you and the Company agree to submit the dispute or disagreement to binding arbitration before JAMS/Endispute or its successor, pursuant to the United States Arbitration Act. The rules of JAMS/Endispute then in effect and applicable to the resolution of such disputes or disagreements shall apply, except as set forth in this paragraph. The rules of evidence shall apply to the arbitration, and any decision or award by the arbitrator shall be final, binding and non appealable, except in cases of gross fraud or misconduct by the arbitrator. The arbitrator may award the prevailing party his, her or its reasonable attorneys' fees, costs and expenses incurred in the arbitration, consistent with applicable law, including the fees, costs and expenses charged by the arbitrator and JAMS/Endispute. By agreeing to this provision, you acknowledge and agree that you are waiving any right you may have to a jury trial of all disputes or disagreements described above and that you are giving up your rights to discovery and appeal except to the extent that they are specifically provided for above.

On August 28, 2005, Plaintiff was terminated from PBS. (FAC ¶ 11.) As part of her termination, she was given a severance agreement, which required her to release all claims against "[PBS], its parent, subsidiaries and affiliates, and their officers, directors, employees and agents, and all others" "arising out of or in any way related to agreements, events, acts or conduct at any time prior to and including the date of this release, including but not limited to all claims or demands directly or indirectly arising out of or in any way connected with [her] employment, benefits, and or compensation with [PBS] . . . ." (CF000094.) Plaintiff signed this severance agreement and accepted the benefits thereunder. *Id.*

### B. Plaintiff Files Suit Against The Providian Defendants, Breaching Her Agreement To Arbitrate These Claims.

On August 5, 2005, Plaintiff filed a Complaint against PBS and Liberty Life Assurance Company ("Liberty"), alleging, at base, that the named defendants had violated Section 1132 of the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et seq ("ERISA") by denying her long term disability benefits. Attached to the Complaint was, *inter alia*, Liberty's 1000 plus page claims file, comprising everything Plaintiff and/or her counsel submitted to Liberty regarding her claim for long term disability benefits, its denial, and her

1   appeal. As is relevant here, attached to her Complaint was Plaintiff's employment
2   agreement with PBS and her release agreement.

3   On September 16, 2005, Liberty filed a motion to dismiss, arguing, *inter alia*, that
4   Plaintiff's claims were barred by the release of claims that she signed. On September 30,
5   2005, Plaintiff filed the FAC. Although inartfully drafted, the FAC appears to re-allege
6   claims under Section 1132(a) of ERISA for denial of disability benefits, presumably only
7   against Liberty. The FAC also adds the Plan as a defendant and alleges a claim entitled
8   "Contract Defenses Supporting Declaratory Judgment Invalidating the Severance
9   Agreement" against PBS.

10  On November 8, 2005, counsel for the Providian Defendants — Dipanwita Deb Amar
11  — wrote to counsel for Plaintiff — Stephen Krafchick — demanding that Plaintiff arbitrate
12  the claims raised against PBS and the Plan in the litigation. Amar Decl. ¶ 2, Ex. A.[2] In her
13  letter to Plaintiff's counsel, Amar cited the arbitration agreement in Plaintiff's employment
14  agreement and explained that this arbitration provision covered all claims brought in this
15  action against the Providian Defendants. *Id.* On November 9, 2005, Mr. Krafchick called
16  Ms. Amar and advised her that he likely would not oppose arbitration *if* Liberty also agreed
17  to arbitrate the proceedings. Amar Decl. ¶ 3. Ms. Amar then called Kathryn Curry, counsel
18  for Liberty, to determine whether Liberty would agree to arbitrate this case. Amar Decl. ¶ 4.
19  Ms. Curry advised Ms. Amar that she would discuss the matter with her client, but has not
20  yet responded or taken a position on whether Liberty is amenable to arbitration. *Id.* As of
21  the date of filing this motion, Plaintiff has not agreed to arbitrate this matter. Amar Decl. ¶
22  5.

---

[2] "Amar Decl." refers to the Declaration of Dipanwita Deb Amar in support of Defendant Providian Financial Corp.'s Motion to Dismiss or, In The Alternative To Compel Arbitration, filed concurrently herewith.

# ARGUMENT

## I.

## PLAINTIFF'S WRITTEN AGREEMENT TO ARBITRATE HER CLAIMS IS ENFORCEABLE.

The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. The FAA establishes a national policy favoring the enforceability of arbitration agreements. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) ("the FAA compels judicial enforcement of a wide range of written arbitration agreements"). Although the FAA is a federal statute, federal and state courts alike must follow the FAA, even with respect to purely state-law claims. *See Southland Corp. v. Keating*, 465 U.S. 1 (1984) (holding that California state court was required to compel arbitration of state Labor Code claim pursuant to FAA).

To enforce an arbitration agreement, the FAA's Section 4 directs a party to invoke the following procedure:

> "A party aggrieved by the . . . refusal of another to arbitrate under a written agreement for arbitration may petition [the court] . . . for an order directing that such arbitration proceed in the manner provided for in such agreement . . . . The court shall hear the parties, and upon being satisfied with the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." (9 U.S.C. §4)

Under the FAA, "courts *must* issue orders compelling arbitration *upon a showing of a failure to comply with a valid arbitration agreement*." *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 285 (9th Cir. 1988) (emphasis added), *overruled on other grounds by Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (9th Cir. 2001). Thus, "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) (emphasis in original). In ruling on an application to compel arbitration, a court must have "a healthy regard for the federal policy favoring arbitration," meaning that "any doubts

concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

Like the FAA, the California Arbitration Act ("CAA") also expresses, in virtually identical language, a broad policy favoring arbitration (*see* Code Civ. Proc. §1281) and sets forth an explicit mechanism for enforcing arbitration agreements. The CAA states:

> "On petition of a party to an arbitration agreement *alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy*, the court *shall* order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for revocation of the agreement." (Code Civ. Proc. §1281.2 (emphases added))

While embodied in the California Code of Civil Procedure, the CAA is a substantive law favoring the enforcement of arbitration agreements. *See Bernhardt v. Polygraphic Co. of America, Inc.*, 350 U.S. 198, 203-04 (1956) (arbitrability of claims is a substantive, not procedural issue); *Volt Information Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 479 (1989) (holding that the FAA does not "prevent the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself," and the parties are "free to structure their arbitration agreements as they see fit.").

Based on the mandates of the FAA and the CAA, courts have uniformly enforced arbitration agreements arising out of employment settings and alleging common law and statutory claims. *See EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742 (9th Cir. 2003); *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064 (2003) (applying *Armendariz* criteria to common-law employment claims). The Ninth Circuit has specifically held that denial of benefits under § 1132 of ERISA is subject to arbitration. In *Chappel v. Laboratory Corp. or America*, 232 F.3d 719 (9th Cir. 2000), the court enforced an arbitration clause and granted the defendant's motion to dismiss where, as here, the plaintiff had brought claim for denial of benefits under § 1132(a)(1)(B). *Id.* at 724-25. The court so held, even though it noted that the agreement may have been part of an employment agreement and, at that time, the Ninth Circuit had held that employment contracts are not covered by the FAA. *Id.* The Ninth Circuit's

conclusion that employment contracts are not covered by the FAA has since been overruled. *See Craft v. Campbell Soup Co.*, 177 F.3d 1083 (9th Cir. 1999), *overruled by Circuit City Stores, Inc. v. Adams*, 532 U.S. 105. As the court put it, even "without the FAA's strong policy in favor of arbitration to tip the scales," the plaintiff would "still be required under the law of contract to arbitrate in accordance with the clause." *See also Fabian Financial Services v. The Kurt H. Volk Profit Sharing Plan*, 768 F. Supp. 728 (C.D. Ca 1991) (court enforced arbitration of ERISA claims where, as here, the arbitration agreement was embodied in an agreement wholly separate from the plan); *Simon v. Pfizer Inc.*, 398 F.3d 765 (6th Cir. 2005) (granting motion to dismiss where plaintiff's ERISA claims were subject to arbitration agreement); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110 (3rd Cir. 1993) (holding ERISA claims are subject to arbitration).

In short, under a long line of federal and state authority interpreting the FAA and the CAA, Plaintiff's ERISA and contract claims — to the extent they are alleged against PBS or the Plan — are subject to arbitration.

## II.

### PLAINTIFF'S CLAIMS ARE COVERED BY THE ARBITRATION AGREEMENT AND THERE IS NO BASIS FOR AVOIDING HER WRITTEN AGREEMENT TO ARBITRATE.

There is no dispute that Plaintiff is a party to an express written agreement to arbitrate. Indeed, the employment agreement containing the arbitration provision is attached as an exhibit to Plaintiff's Complaint. Moreover, the arbitration provision undoubtedly covers the claims asserted here. By its terms, the agreement requires arbitration of "any dispute or disagreement arising out of or in any way related to . . . [Plaintiff's] employment with [PBS]" "including, but not limited to, claims for . . . breach of contract, tortious conduct, statutory violations or unpaid wages or benefits." Thus, Plaintiff's contract claims — asserted against the Providian Defendants — are clearly subject to arbitration. So too is Plaintiff's ERISA claim, to the extent that claim is also asserted against the Providian

1   Defendants. That denial of benefits claim is a "statutory" violation and alleges "unpaid
2   benefits" which are "arise out of or [are] related to [Plaintiff's] employment with PBS."
3   Because the agreement does not limit its application to PBS, and because Plaintiff's claims
4   against the Plan indisputably "arise out of" and are "related to" Plaintiff's employment with
5   PBS, these claims are also covered by the arbitration agreement.

6   Moreover, Plaintiff cannot demonstrate that any grounds exist for revocation of the
7   agreement under state law, which is what she must do to resist arbitration. *See* 9 U.S.C. § 2;
8   Code Civ. Proc. §1281.2. In *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24
9   Cal. 4th 83 (2000), the California Supreme Court announced the criteria for enforcing pre-
10  dispute mandatory agreements to arbitrate under the CAA. *See also Little v. Auto Stiegler,*
11  *Inc.*, 29 Cal. 4th 1064 (2003) (applying *Armendariz* criteria to common-law employment
12  claims). Federal courts applying the FAA also look to the *Armendariz* factors in
13  determining whether there are grounds for revocation of an arbitration agreement. *Circuit*
14  *City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1105-05 (9th Cir. 2003) (applying *Armendariz*
15  and noting that California state law determines whether an arbitration agreement will be
16  enforced as unconscionable). Under *Armendariz*, a mutual agreement to arbitrate
17  employment claims is enforceable where the agreement (1) provides for a neutral arbitrator,
18  (2) does not limit the employee's remedies that would otherwise be available in court,
19  (3) permits adequate discovery by the plaintiff, (4) requires a written decision from the
20  arbitrator, and (5) does not impose any costs on the plaintiff unique to arbitration. *See id.* at
21  102. Unless the arbitration agreement purports to require the plaintiff to forego these rights,
22  the court must enforce the agreement. *Id.* Moreover, where the arbitration agreement does
23  not comply with any of the above requirements, courts will sever offending provisions of the
24  agreement, even in the absence of a severance clause. *See id.* at 121-26.

25   PBS's arbitration agreement with Plaintiff satisfies all the requirements of *Armendariz*.
26  As explained above, the agreement makes no mention of limiting Plaintiff's statutory
27  remedies, and the Providian Defendants have no intention of limiting Plaintiff's remedies.
28  The agreement also guarantees a neutral arbitrator, in that it requires the parties to submit the

NOTICE OF MOTION AND MOTION TO DISMISS AND TO COMPEL ARBITRATION     C 05-03190 TEH

dispute to JAMS/Endispute. Moreover, the JAMS Employment Arbitration Rules provide for adequate discovery and a written opinion. *See* JAMS Emp. Arb. Rules 15, 22(f). Finally, with respect to Plaintiff's claims against the Providian Defendants, the Providian Defendants will pay all costs unique to arbitration. There is simply no reason not to enforce this agreement.

### III.

### IF THIS COURT COMPELS ARBITRATION, THE COURT SHOULD STAY THIS LITIGATION WHILE ARBITRATION IS PENDING

In the event this Court orders arbitration, the Providian Defendants respectfully request that the Court stay the instant proceedings against them pending conclusion of the arbitration. Such a stay is authorized under both the FAA and the CAA. *See* 9 U.SC. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."); Cal. Civ. Proc. Code § 1281.4 ("If a court . . . has ordered arbitration . . . the court . . . shall . . . stay the action or proceeding until an arbitration is had . . . .") In the interest of judicial economy and to ensure that the Providian Defendants receive the benefit of the bargain in the arbitration provision, a stay is warranted here.

## CONCLUSION

Plaintiff promised that she would arbitrate any employment-related claims she might have against the Providian Defendants. By their Motion, the Providian Defendants simply seek to hold Plaintiff to this promise. Because Plaintiff lacks any valid excuse for avoiding her obligation to arbitrate, this Court should issue an order dismissing this case for lack of jurisdiction. In the alternative, this Court should compel arbitration of Plaintiff's claims and stay this action pending the conclusion of the arbitration proceedings.

DATED: November 28, 2005.

DAVID J. REIS
DIPANWITA DEB AMAR
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By:        /s/
      DIPANWITA DEB AMAR

Attorneys for Defendant PROVIDIAN BANCORP SERVICES