Steven P. Krafchick
Washington State Bar No. 13542
Admitted Pro Hac Vice
KRAFCHICK LAW FIRM
2701 1st Ave., Suite 340
Seattle, WA 98121
(206) 374-7370 (Telephone)
(206) 374-7377 (Facsimile)
klf@krafchick.com

Attorneys for Plaintiff
ANITA B. CARR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AT SAN FRANCISCO

| | |
|---|---|
| ANITA B. CARR,<br><br>　　　　　Plaintiff.<br><br>　v.<br><br>LIBERTY LIFE ASSURANCE COMPANY, a Massachusetts Corporation, and PROVIDIAN BANCORP SERVICES, a domestic corporation,<br><br>　　　　　Defendants. | NO. C 05-3190 THE<br><br>PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT LIBERTY LIFE ASSURANCE COMPANY TO ATTEND BINDING ARBITRATION<br><br>Date:　April 17, 2006<br>Time:　10 A.M.<br>Place:　Courtroom 12<br>Judge:　Honorable T.E. Henderson |

　　　　The Court is respectfully asked to recognize several points:

　　　　1.　　　The U.S. Supreme Court recognizes that federal law strongly favors settling statutory disputes by arbitration if not directly precluded by Congress.

PLAINTIFF'S REPLY SUPPORTING
MOTION TO COMPEL ARBITRATION - 1

2.   The 9th Circuit recognizes that non-signatories can be bound under arbitration agreements if they are agents of a signatory.

3.   Liberty freely **admits** it is Providian's agent for all purposes herein by asserting it is Liberty's agent under the severance agreement.

## I. THE SUPREME COURT AND THE 9TH CIRCUIT APPROVE OF RESOLVING DISPUTES ARISING UNDER FEDERAL STATUTES INCLUDING ERISA BY BINDING ARBITRATION

As the 9th Circuit Court of Appeals recognized in *Comer v. Micor, Inc et. al.,* 436 F.3d 1098 (2006)*,* the Supreme Court has found: "**[The] duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights**." *Comer at 1100, citing Shearson/American Express Inc. V. McMahon*, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) and *Rodriquez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 481.  Therefore, despite Defendant's assertion, the law favors arbitration, and there is no bar to enforcing arbitration agreements in ERISA cases.

## II. DEFENDANT LIBERTY HAS RAISED NO ARGUMENT TO AVOID THE CONCLUSION THAT AS AN ADMITTED AGENT OF PROVIDIAN, LIBERTY IS BOUND BY THE ARBITRATION PROVISION IN THE HIRING AGREEMENT.

The language of the hiring agreement and Plaintiff's argument has been set out in our original memorandum supporting the motion.  However, Defendant raises concerns that do not directly relate to whether or not it can be bound by the language in the hiring agreement. Importantly, Defendant attempts to argue that an ERISA dispute should not be arbitrated.  But, the

PLAINTIFF'S REPLY SUPPORTING
MOTION TO COMPEL ARBITRATION - 2

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377

Supreme Court has stated otherwise, and holds, as noted above, that arbitration is a strongly favored dispute resolution mechanism, and is certainly applicable to disputes arising under federal statutes.

Defendant attempts to distinguish the *Comer* case and other federal authority cited by Plaintiff by arguing these cases only permit arbitration, and do not require it. *Defendant's Response* at 6:3-7:10. This is certainly helpful to Plaintiff's case, and the Courts agree that determining whether or not a non-signatory can be bound by an arbitration clause depends on applicable contract or agency principles. Here, Liberty admits it was Providian's agent for handling disability claims. As an agent, regardless of the ultimate rules to be followed in arbitration, Liberty can and should be bound. That Liberty claims arbitration will deprive it of ERISA given rights does not fit into the equation, as we have already briefed.

Defendant's only way to avoid application of the arbitration clause was articulated by the U.S. Supreme Court in *Shearson*:

> The Arbitration Act thus establishes a "federal policy favoring arbitration requiring that we rigorously enforce agreements to arbitrate. The duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights . . . Absent a well-founded claim that an arbitration agreement resulted from the sort of fraud or excessive economic power that "would provide for grounds 'for the revocation of any contract,'" the Arbitration Act "provides no basis for disfavoring agreements to arbitrate statutory claims by skewing the otherwise hospitable inquiry into arbitrability." *Ibid.*
>
> **The Arbitration Act, standing alone, therefore mandates enforcement of agreements to arbitrate statutory claims**. Like any statutory directive, the Arbitration Act's mandate may be overridden by contrary congressional command. The burden is on the party opposing arbitration, however, to show that Congress intended to preclude a waiver of judicial remedies for statutory rights at issue. If Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent will be deducible from [the statute's] text or legislative history,"

PLAINTIFF'S REPLY SUPPORTING
MOTION TO COMPEL ARBITRATION - 3

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370  Fax (206) 374-7377

*ibid.,* or from an inherent conflict between arbitration and the statute's underlying purposes.   (Cites omitted)

*Shearson/American Express v. McMahon, 482 U.S. at 226 - 227.*  Defendant offers no basis for avoiding application of the arbitration provision requiring arbitration of all benefit disputes. Critically, nothing drawn from ERISA provides any basis for avoiding the arbitration agreement, and  Congress has not precluded ERISA disputes.

      The only issues the Court needs to address to determine this motion are those addressed in this reply.  Once the Court compels Liberty to submit to the arbitration, then the arbitrator will take over and determine the procedures to be followed, including what discovery will be permitted and who will need to pay for it under applicable federal and California law.   The Court need not address these issues at this time.

      Respectfully submitted April 3, 2006:

      KRAFCHICK LAW FIRM

      By: ss/Steven P. Krafchick
      Steven P. Krafchick, WSBA #13542
      Attorney for Plaintiff
      Admitted Pro Hac Vice
      Krafchick Law Firm
      2701 First Avenue, Suite 340
      Seattle, WA 98121
      T: 206.374.7370  F: 206.374.7377
      Email: klf@krafchick.com

PLAINTIFF'S REPLY SUPPORTING
MOTION TO COMPEL ARBITRATION - 4

**KRAFCHICK LAW FIRM**
2701 First Avenue, Suite 340
Seattle, Washington 98121
(206) 374-7370   Fax (206) 374-7377