PAMELA E. COGAN (SBN 105089)
ROBERT M. FORNI, JR. (SBN 180841)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Third Floor
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
E-mail: (pcogan@ropers.com, rforni@ropers.com

Attorneys for Defendant,
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA B. CARR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a Massachusetts Corporation, and PROVIDIAN BANCORP SERVICES, a domestic corporation, PROVIDIAN FINANCIAL HEALTH PLAN, an employee benefits plan,<br><br>　　　　Defendants. | CASE NO. C 05-3190 TEH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:　　February 9, 2009<br>Time:　　10:00 a.m.<br>Crtrm.:　　12<br>Judge:　　Hon. Thelton E. Henderson |

## I. INTRODUCTION

This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") to recover long-term disability benefits under the Providian Financial Health and Welfare Plan ("the Plan").[1] The Plan is an "employee welfare benefit plan" governed by ERISA, which was established by plaintiff's former employer, Providian Bancorp Services, Inc. ("Providian"), the Plan sponsor and Plan administrator. *See*, 29 U.S.C. § 1002(1), (3); *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988). The disability income benefit portion of the Plan is insured under a group disability income policy issued to Providian by Liberty, which served as the claims administrator under the Plan. It is undisputed that Liberty is a plan fiduciary under ERISA in that Liberty has "discretionary authority or discretionary responsibility in the administration of" the Plan. *See*, 29 USCS § 1002(21)(A); 29 USCS § 1105(c)(1)(B).

By this motion, plaintiff asks the Court to ignore the last three years of litigation in this case, and set the clock back to 2006. To do so would require the court to ignore the fact that she petitioned the court to dismiss her action and compel the binding arbitration of her claim pursuant to the terms of a separate contract with her employer after she filed suit against Liberty, Providian and the Plan in federal court; that the Court granted her motion and dismissed this action; that plaintiff does not dispute that the arbitrator correctly found that her claim was barred; and that she never moved to vacate the arbitrator's decision, which she received more than eight months ago. Liberty therefore respectfully requests that the Court deny plaintiff's motion to amend.

## II. STATEMENT OF FACTS

Plaintiff's cursory survey of the factual and procedural history of this action omits critical facts on which this Court and the arbitrator relied to reach their conclusions. Accordingly, the following summary is offered to place their rulings in context.

### A. Plaintiff's Employment Agreement with Providian

Plaintiff worked for Providian as a database manager from October 1998 until August 28,

---

[1] The proper name of the Plan, erroneously sued in this action as the "Providian Financial Health Plan," is Providian Financial Health *and Welfare* Plan. (Declaration of Lawrence F. Padway ("Padway Decl."), p. 67.)

RC1/5242387.2/RMF — 1 —   MEMO. SUPPORTING OPPOSITION TO MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
CASE NO. C 05-3190 TEH

2001, when she was laid off. As a condition of her employment, plaintiff signed an employment agreement with Providian on October 19, 1998 ("Employment Agreement"). Under the terms of the Employment Agreement, plaintiff agreed to subject claims arising from her employment at Providian "to *binding* arbitration before JAMS/Endispute or its successor, pursuant to the United States Arbitration Act." (Defendant's Request for Judicial Notice in Support of Mtn. to Conf. Arb. Award ("RJN"), Ex. 3, p. CF1-2-CF103.)

### B. Plaintiff's Severance Agreement with Providian

On September 21, 2001, plaintiff entered into a Severance Agreement and Release ("Severance Agreement") with Providian. Pursuant to the terms of the Severance Agreement, plaintiff released all claims for, among other things, employee compensation and benefits against Providian, its agents, and affiliates in exchange for three months of continued pay, health care coverage, and 401(k) contributions.

### C. Plaintiff's Claim for LTD Benefits

After the three-month period ended, on November 29, 2001, plaintiff telephoned Liberty to make a claim for short-term disability benefits under the Plan. Plaintiff never told Liberty that she had been terminated or that she had released her claims. Consequently, Liberty investigated plaintiff's claim before concluding on January 22, 2002, that she did not meet the policy's definition of "disability" in that she was not precluded from performing the material and substantial duties of her own occupation, and advised her of her right to request a review of its decision in writing. On March 15, 2002, plaintiff wrote to Liberty appealing Liberty's claim determination, which Liberty upheld on April 29, 2002.

On or about July 28, 2003, plaintiff, through an attorney, submitted a claim for long-term disability benefits under the Plan based on the same conditions and the same date of disability, August 29, 2001. Counsel asserted that, although plaintiff's previous claim for short-term disability had been denied on January 22, 2002, she was entitled to submit a separate claim for long-term disability benefits.

After Liberty acknowledged receiving plaintiff's claim for long term disability and requested her to explain why the claim was submitted late, on November 21, 2003, Liberty sent to

plaintiff a letter dated November 17, 2003, advising her that it had again concluded she was not disabled as of August 29, 2001 and throughout the Plan's 90-day elimination period. However, consistent with the review procedures outlined in the SPD, Liberty extended plaintiff another opportunity to appeal its determination in writing, which she did by letter dated December 14, 2004. Liberty upheld its decision to deny long-term disability benefits on January 28, 2005.

D.  **Plaintiff's Lawsuit Against Liberty and the Plan**

On August 5, 2005, plaintiff filed a Complaint against Liberty and Providian in the United States District Court, Northern District of California, to recover past due benefits under the Plan pursuant to 29 U.S.C. § 1132 of ERISA.[2] (RJN, Ex. 1.) On September 30, 2005, plaintiff filed a First Amended Complaint ("FAC"), naming the Plan as an additional defendant.[3] (RJN, Ex. 2.) The FAC alleges three causes of action: "estoppel," breach of ERISA, and declaratory relief. In support her claim for benefits under ERISA, plaintiff pleads the following allegations: (1) the Plan is believed to be an employee benefits plan under ERISA 29 U.S.C. § 1001 *et seq.* providing, *inter alia*, long-term disability benefits for Providian employees"; (2) "This claim is governed by ERISA 29 U.S.C. § 1001 *et seq.* and by California state law where applicable"; (3) the "LTD policy at issue in this case may be determined by the Court to be an 'employee welfare benefit plan' or 'welfare plan," as defined in § 1002 of the Employment [sic] Retirement Income Security Act, 29 U.S.C., § 1001, *et seq.*"; (4) "Plaintiff has the express right and standing under ERISA § 1132 to bring a cause of action against Defendant Liberty to enforce her rights and recover the benefits she is due under the terms of her LTD policy, and to clarify her rights to future benefits under the terms of the LTD policy." (*Id.*)

E.  **Plaintiff Agrees to Binding Arbitration**

On November 28, 2005, Providian and the Plan moved to compel arbitration of all claims asserted against them based upon an arbitration provision contained in plaintiff's employment agreement. (*See*, Docket Nos. 33-35.) Plaintiff did not object to their motion, and conceded that

---

[2] A participant in an ERISA-regulated plan may file a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1192, n.2 (9th Cir. 2007).
[3] Under ERISA, the Plan is a separate legal entity that can sue and be sued. 29 U.S.C. § 1132(d)(1); *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 622 (9th Cir. 2008).

RC1/5242387.2/RMF − 3 − MEMO. SUPPORTING OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT CASE NO. C 05-3190 TEH

her claims against Providian and the Plan were subject to arbitration. In doing so, plaintiff stated the following: "Plaintiff has no objection to the Court granting defendants Providians' motion to remove this case from the Federal District Court and order that that the case go through *binding* arbitration pursuant to the hiring agreement between Providian and Ms. Carr. [Emphasis added.]" (RJN, Ex. 4, pp. 1-2.) Therefore, on January 10, 2006, the Court granted Providian and the Plan's motion to dismiss all claims asserted against them so that the claims could be resolved by binding arbitration, pursuant to the terms of the Employment Agreement. (*See*, Docket No. 38.) In addition, the Court ordered plaintiff and Liberty to confer regarding the disposition of her claim against Liberty, which had filed an answer and did not join in Providian and the Plan's motion to compel arbitration, thereby making voluntary dismissal of the entire case improper without obtaining the stipulation of Liberty Life or otherwise showing good cause for a Court-ordered dismissal. *See*, Fed. R. Civ. P. 41(a).

### F. Plaintiff Insists Her Claim for LTD Benefits Is Subject to Binding Arbitration

Pursuant to the Court's order, on February 1, 2006, the Liberty and plaintiff filed a joint report advising the Court of their respective positions on the arbitration of plaintiff's claim for LTD benefits under the Plan. (*See*, Docket No. 41; Defendant's Supplemental Request for Judicial Notice in Support of Motion to Confirm Arbitration Award ("SRJN"), Ex. 7.) Based on the arbitration clause of the Employment Agreement, on which she relied in acquiescing to Providian and the Plan's motion to compel arbitration, plaintiff advised the court that her claim for LTD benefits was subject to binding arbitration. Accordingly, she stated:

> Liberty long term disability coverage was part of the benefits Plaintiff received when she became employed at Providian. This agreement created a reasonable expectation of the Plaintiff that *any disputes she would have regarding benefits, including disability insurance benefits, would be resolved in arbitration.* Plaintiff did not elect to proceed in two different forums. At the time Plaintiff consented to arbitration, *Plaintiff believed all parties would be removed to arbitration.* . . . In this case, *Plaintiff agrees to submit to* <u>binding</u> *arbitration all issues regarding benefits denied by Liberty and the Plan,* <u>*giving up all right of appeal*</u> *in exchange for some limited discovery provided for under California law.* . . . *The fairest result for Plaintiff would be to order that Liberty submit to the* <u>binding</u> *arbitration provided for in the Hiring Agreement so that* <u>*all issues could be resolved in one forum*</u>. [Emphasis added.]

RC1/5242387.2/RMF — 4 — MEMO. SUPPORTING OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT CASE NO. C 05-3190 TEH

Liberty did not agree to proceed to binding arbitration with Providian and the Plan, stating, "Neither the plan, nor the insurance policy under which plaintiff seeks disability income benefits contains an arbitration provision." (*Ibid.*) Accordingly, Liberty maintained that the Court could not compel the arbitration of plaintiff's claim against Liberty. (*Ibid.*)

In response to the parties' joint report, on February 2, 2006, the Court entered an order in which it recounted that "[o]n January 10, 2006, this Court granted the unopposed motion to dismiss brought by Defendants Providian Bancorp Services and Providian Financial Health Plan ("Providian Defendants")," and "[a]s a result, Plaintiff Anita Carr's claims against the Providian Defendants shall now be resolved at *binding* arbitration. [Emphasis added.]" (*See*, Docket No. 42; SRJN, Ex. 8.) The Court therefore invited plaintiff to file a motion "to compel arbitration against Liberty Life, or to stay her claims against Liberty Life pending arbitration of her claims against the Providian Defendants" on or before February 27, 2006. (*Id.*)

### G.  Plaintiff Moves to Compel Binding Arbitration of Her LTD Claim

On February 27, 2006, *plaintiff* moved compel *binding* arbitration of her claims against Liberty over Liberty's objections. In her notice supporting her motion, captioned, "Plaintiff's Notice of Motion and Motion to Compel Defendant Liberty Life Assurance Company of Boston to Attend *Binding* Arbitration," plaintiff advised that she moved to compel Liberty "to Attend *Binding* Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and the California Arbitration Act, Cal. Code Civ. Proc. §1281 *et seq.* [Emphasis added.]" (*See*, Docket No. 43; SRJN, Ex. 9, p. 2.)

Likewise, in her memorandum supporting her motion, plaintiff rejected any basis for staying, or otherwise re-initiating, her action against Liberty in this Court pending the results of binding arbitration, stating she sought "an order by the Court ordering Plaintiff to *dismiss* the instant case against Defendant Liberty," and removing it to the binding arbitration involving plaintiff's claims and Providian and the Plan. (SRJN, Ex. 9, p. 2.) Consistent with the relief she sought, plaintiff expressly incorporated by reference the arguments of Providian and the Plan supporting their motion to compel binding arbitration "to support *dismissing* Plaintiff's claims, and compelling Liberty to attend arbitration. [Emphasis added.]" (SRJN, Ex. 9, p. 6.) Plaintiff

reiterated that her claim against Liberty for reinstatement of LTD benefits under ERISA was subject to *binding* arbitration under the Employment Agreement, stating:

- "Liberty, in spite of the explicit language in the mandatory arbitration clause, has so far refused to agree to dismiss and partake in the *binding* arbitration, which action has led to the present Motion."
- "The mandatory arbitration clause covers any dispute arising out of any claims for employment benefits Plaintiff may have while employed by Providian," including "the long term disability (LTD) benefits that Providian provided to Plaintiff while she worked."
- "Plaintiff's claim involves an LTD benefit provided by Liberty to Providian employees per its contract with Providian."

(SRJN, Ex. 9, pp. 3, 5.) Accordingly, plaintiff argued, "No conclusion is possible other than finding that Liberty provided a benefit through Providian as a result of Plaintiff Carr's employment, Liberty therefore was an agent of Providian, and must submit to *binding* arbitration pursuant to the hiring agreement governing all benefit disputes," because "[a] person signing the employment agreement . . . would have a reasonable expectation that any denial of benefits would be submitted to *binding* arbitration per the hiring agreement." (SRJN, Ex. 9, pp. 6, 7, Emphasis added.) Accordingly, plaintiff insisted that "[t]he Court's most fair and economical path is to *dismiss* Plaintiff's case against Liberty and refer the entire claim and all issues to the *binding* arbitration, and let the *entire* case be handled in that forum pursuant to applicable law as has been decided by Plaintiff and Defendants Providian in accordance with the governing employment agreement." (SRJN, Ex. 9, p. 9.)

Liberty acknowledged that "courts have found arbitration agreements to be valid and binding with respect to resolving disputes that arise under ERISA in certain circumstances." (*See*, Docket No. 46, at p. 5.)

### H. The Court Compels Binding Arbitration of LTD Claim

The Court granted plaintiff's motion on June 22, 2006, holding Liberty was "bound by the arbitration clause in Carr's employment agreement as an agent of Providian." (RJN, Ex. 7, p. 6.)

The Court then *dismissed* Plaintiff's case against Liberty, stating this "ruling resolves *all* issues remaining before the Court in this case, and the Clerk shall therefore close the file." (*Id.* at p. 7.)

### I. The Arbitrator Finds In Favor of Liberty

Pursuant to the Court's order granting her motion to compel the binding arbitration of her claims against Liberty, on January 24, 2007, plaintiff's counsel executed a stipulation by which he memorialized plaintiff's agreement to submit "all disputes, claims or controversies to neutral, binding arbitration at JAMS," pursuant to JAMS Arbitration Rules and Procedures for the arbitration, as well as her agreement to "give up any rights . . . to have this matter litigated in a court or jury trial." (Declaration of Pamela E. Cogan in Support of Defendant's Motion to Confirm Arbitration Award ("Cogan Decl."), Ex. "A.") Liberty's counsel redacted these provisions from the stipulation before executing it on February 7, 2007 because it had been ordered to binding arbitration and was not stipulating to it. ("Cogan Decl., Ex. "C.") Thereafter, by stipulation dated November 6, 2007, plaintiff dismissed Providian from this action. (Cogan Decl., Ex. "D.")

Plaintiff's claims against Liberty and the Plan then proceeded to an arbitration hearing on March 26, 2008, before Hon. Eugene F. Lynch (Ret.), which plaintiff personally attended. (Cogan Decl., Ex. "E," at p. 1) At this proceeding, counsel for the parties, including plaintiff, argued the merits of their respective claims and defenses, based on voluminous filings submitted to the arbitrator, including, among other things, claim file records, deposition transcripts, declarations, the parties' disclosures and written discovery responses and documents produced by Liberty under protective order issued by the arbitrator. Although plaintiff was afforded an opportunity to testify, she declined to do so.

On April 29, 2008, the arbitrator issued his decision. (Cogan Decl., Ex. "E," at p. 14.) The arbitrator found that plaintiff had voluntarily released her right to disability income benefits when she signed the Severance Agreement upon the termination of her employment. (*Id.* at pp. 13-14.) Thus, the arbitrator determined that plaintiff's claim for long-term disability benefits under the Plan and her action against Liberty were barred. (*Id.* at p. 14, n.2)

The arbitrator's award was served by facsimile and by mail on May 6, 2008. (*Id.* at p. 15.)

RC1/5242387.2/RMF — 7 — MEMO. SUPPORTING OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT CASE NO. C 05-3190 TEH

1  Plaintiff took no further action following the arbitrator's decision and award. Accordingly, by its
2  terms, the award became final fifteen days later on May 21, 2008. (*Id.* at p. 14.)

### III. LEGAL ARGUMENT

#### A. The Court Has No Jurisdiction To Grant The Relief Plaintiff Seeks

Plaintiff's motion presupposes that her action is still pending before the Court. In fact, the court closed this matter more than two years ago, after it granted plaintiff's motion to dismiss her action and remand it to binding arbitration under the terms of the Employment Agreement. Once the court dismissed this action at plaintiff's request on June 22, 2006, it no longer had jurisdiction over her claims. Fed. R. Civ. Pro. 41(a)(2). The only reason the parties have appeared again within this action is to confirm the arbitrator's award as a judgment.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, a district court retains limited jurisdiction after remanding a matter to arbitration to grant provisional relief (e.g., granting injunctions and writs of possession), to dismiss the action under Fed. R. Civ. Pro. 41(b) due to unreasonable delay in commencing arbitration, to modify the arbitrator's decision, to set that decision aside in unusual circumstances, and to enter a judgment on an arbitration award. 9 U.S.C. § 9, 10, 13; *see, Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000); *First Options v. Kaplan*, 514 U.S. 938, 942 (1995); *Comedy Club, Inc. v. Improv W. Assocs.*, 514 F.3d 833, 841 (9th Cir. 2008); *Sunshine Beauty Supplies v. United States Dist. Court*, 872 F.2d 310, 312, n.2 (9th Cir. 1989); *see also, International Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188 (7th Cir. 1996). However, a district court's order dismissing a plaintiff's claims and compelling the parties to arbitrate is still a final decision, because the order ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment. 9 U.S.C. § 16(a)(3); *Comedy Club, Inc. v. Improv W. Assocs.*, 514 F.3d 833, 841 (9th Cir. 2008); *see, Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000). The fact that the FAA permits parties to arbitration agreements to bring a separate proceeding in a district court to vacate, modify or enter judgment on an arbitration award once it is made under 9 U.S.C. §§ 9, 10 and 11 does not vitiate the finality of the District Court's order dismissing a plaintiff's claims and compelling the parties to arbitrate.

*Green Tree Fin. Corporation-Alabama, supra*, 531 U.S. at 86.

In this case, the District Court's June 22, 2006 order directed that the dispute be resolved by arbitration and dismissed plaintiff claims, leaving the court nothing to do but execute judgment on the arbitration award. That order plainly disposed of the entire case on the merits and left no part of it pending before the Court. The District Court's order was therefore "a final decision with respect to an arbitration" within the meaning of FAA § 16(a)(3). *Id.* at 86.

Since the dismissal returns matters to the *status quo ante*, as if the lawsuit had never been filed, the Court no longer has jurisdiction over plaintiff's claim, except for the limited purpose of vacating, modifying or entering judgment on the arbitration award. 9 U.S.C. §§ 9, 10 and 11; *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Consequently, the court has no jurisdiction to grant plaintiff leave to amend her complaint.

### B. Liberty Is Entitled to Judgment Under the FAA

Where a party has agreed to arbitrate, he or she, in effect, relinquishes any right to a court's decision about the merits of its dispute (e.g., its rights under a contract). *First Options, supra*, 514 U.S. at 942. Although the party may still ask the court to review the arbitrator's decision, the court will set that decision aside only in limited circumstances, where, for example, the award was procured by corruption, fraud, or undue influence, or the arbitrator exceeded his powers. *Id.*; *see*, 9 U.S.C. § 10.

To obtain such redress, however, the objecting party must move the district court for an order vacating or modifying the award <u>within three months</u> after the award is filed or delivered. 9 U.S.C. § 12. If a party fails to move to vacate the award within the three month time provided by section 12, he or she will be precluded from later seeking that relief when a motion is made to confirm the award. *See*, *Sheet Metal Workers International Assoc., Local Union 150 v. Air Systems Engineering, Inc.*, 831 F.2d 1509, 1510 (9th Cir. 1987); *see also*, *International Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188 (7th Cir. 1996); *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 853 (11th Cir. 1989); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984); *Professional Administrators Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir. 1987).

Moreover, absent an order vacating, modifying or correcting an award, the FAA dictates that the district court "must grant" a timely order confirming an arbitration. 9 U.S.C. §§ 9-12; see, *International Union of Operating Eng'rs*, supra, 82 F.3d at 188. Section 12 of the FAA precludes "a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174-75 (2d Cir. 1984); see, *Sheet Metal Workers Intern.*, supra, 831 F.2d at 1510-11; *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).

Here, plaintiff failed to challenge the arbitration award within the requisite 90-day limitation period. She may not now prevent the Court from entering judgment on the award by challenging Liberty's motion to confirm or by thwarting the award by seeking leave to amend her complaint to start litigation anew. Once the three-month limitation period expired, plaintiff was precluded from advancing any objection to the award, including the theory that she is not bound by the award under 29 CFR 2560.503-1, either in the instant motion or as a defense to Liberty's motion to confirm the award, that she could have asserted in a timely motion to vacate, modify or correct the award. *Sheet Metal Workers Intern.*, supra, 831 F.2d at 1510. Hence, under the FAA, the award is now final and the Court is required to confirm the ruling. *International Union of Operating Eng'rs*, supra, 82 F.3d at 188; see, 9 U.S.C. § 9.

## IV. CONCLUSION

For the foregoing reasons, Liberty respectfully requests that the Court deny plaintiff's motion, to amend her complaint, confirm the arbitration award issued on May 6, 2008 and enter judgment in Liberty's favor.

Dated: January 16, 2009

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
PAMELA E. COGAN
ROBERT M. FORNI, JR.
Attorneys for Defendant, LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON