LAURENCE F. PADWAY, 083914
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501

Voice : (510) 814-0600
Fax   : (510) 814-0650

Attorney for plaintiff, Anita Carr

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA B. CARR, | No. C 05-03190 TEH |
| Plaintiff, | Date: February 9, 2009<br>Time: 10:00 a.m. |
| vs. | |
| LIBERTY LIFE ASSURANCE COMPANY, et al., | |
| Defendant._____/ | |

**REPLY IN SUPPORT OF MOTION TO AMEND**

1        Although Liberty Mutual filed reams of paper briefing the issue before the Court, almost none of it is relevant.  Clearly, this case went to "binding" arbitration, based upon the arbitration clause in the employment agreement, which extended to cover this ERISA benefits claim.  Just as clearly, the Department of Labor, prior to the 2001 amendments to 29 CFR 2560.503, prohibited binding arbitration of ERISA benefit claims, except for collectively bargained agreements.  The 2001 amendments *expanded* the use of arbitration, but defined "binding" arbitration as simply another level of appeal.  Accordingly, if the employee prevails, this is, effectively, the Plan's decision to pay the benefits.  But if the Plan prevails, the regulation plainly allows the employee to challenge the decision in Court.  In the present case, there were two claims made by Ms. Carr to the Plan – one before the 2001 amendments became effective, and one after.  Accordingly, the Plan properly demanded binding arbitration, and the Court ordered it.  We discussed this in more detail in Docket 77, our opposition to Liberty's motion to confirm the arbitration award, and will not repeat that discussion here.

        Liberty Mutual makes a number of arguments which are simply not on point.  Ms. Carr is not moving to modify or vacate the award, and so the 90 day limit to do that under the Federal Arbitration Act is of no moment.  Rather, she accepts the award as the exhaustion of her administrative remedies under ERISA, and now desires to proceed in Court, just as she would if her administrative appeal had been denied by the Plan Administrator.

        Liberty Mutual contends that Ms. Carr released her claim by accepting a severance package.  This argument is premature, but Liberty is entitled to make it when this Court reaches the merits of Ms. Carr's case.  We believe the Court will determine that compelling a disabled employee to forego their ERISA protected disability benefits in order to obtain their ERISA protected severance benefits constitutes an illegal discrimination against disabled employees, and accordingly, we do not understand that release to prohibit this action.  See *Lessard v. Applied Risk Management*, 307 Fed. 3d 1020 (9th Cir. 2002).  But, in any event, that argument will wait for a more appropriate

Reply Mot. Amend.                                    2

1 time.

3         The Department of Labor regulations limit the use of binding arbitration for ERISA
4 benefit claims. Those regulations set the public policy of the United States of America, and must be
5 enforced.

7         The Court should grant the motion to amend.

9
10         January 26, 2009

                                          /s/_____
11                                           Laurence F. Padway
                                          Attorney for Anita Carr

28 Reply Mot. Amend.                                     3