**United States District Court**
For the Northern District of California

1

2

3          IN THE UNITED STATES DISTRICT COURT

4          FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7    ANITA B. CARR,                          NO. C05-3190 TEH

8                        Plaintiff,          ORDER GRANTING
                                             DEFENDANT'S MOTION TO
9              v.                            CONFIRM ARBITRATION
                                             AWARD AND DENYING
10   LIBERTY LIFE ASSURANCE                  PLAINTIFF'S MOTION FOR
     COMPANY, et al.,                        LEAVE TO FILE SECOND
11                                           AMENDED COMPLAINT
                        Defendants.
12

13

14          This matter comes before the Court on Defendant Liberty Life Assurance Company's

15   ("Liberty's") motion to confirm the arbitration award in this case and Plaintiff Anita Carr's

16   ("Carr's") motion for leave to file a second amended complaint.  Both motions are currently

17   scheduled for hearing on February 9, 2009.  However, after carefully considering the parties'

18   written arguments, the Court finds oral argument to be unnecessary and hereby VACATES

19   the February 9 hearing.  For the reasons discussed below, the Court now GRANTS Liberty's

20   motion to confirm the arbitration award and DENIES Carr's motion for leave to file a second

21   amended complaint.

22

23   **PROCEDURAL BACKGROUND**

24          On August 5, 2005, Carr filed suit in this Court against Providian Bancorp Services

25   ("Providian"), her former employer, and Liberty, the provider of long-term disability benefits

26   under Providian's group disability insurance policy, seeking an award of long-term disability

27   benefits.  On September 30, 2005, she amended her complaint to include Providian Financial

28   Health Plan ("Plan") as a defendant.

1    On November 28, 2005, Providian and the Plan moved to dismiss the complaint and

2    compel arbitration.  Carr did not oppose the motion and instead consented to submit her

3    claims against Providian and the Plan to binding arbitration, rather than pursuing them in this

4    Court.  Consequently, on January 10, 2006, the Court granted the Providian Defendants'

5    motion to dismiss and compel arbitration.  After Liberty refused to agree that Carr's claims

6    against it should be submitted to arbitration, Carr filed a motion on February 27, 2006,

7    seeking to compel Liberty to attend binding arbitration.  This Court granted Carr's motion on

8    June 22, 2006, thus sending all of Carr's claims to binding arbitration.

9    The parties arbitrated this case before the Honorable Eugene Lynch (Ret.) of JAMS

10    on March 26, 2008.  Judge Lynch issued his ruling in favor of Defendants on April 29, 2008.

11    On August 27, 2008, Liberty filed its motion to confirm the arbitration award.

12    Carr did not file a timely opposition to Liberty's motion.  However, she later informed

13    the Court that she was no longer represented by counsel.  The Court delayed proceedings on

14    Liberty's motion to allow Carr time to locate substitute counsel or be prepared to represent

15    herself.  On December 15, 2008, Carr's new counsel entered his appearance.

16    The successors in interest to the Providian Defendants have joined Liberty's motion to

17    confirm the arbitration award, which Carr opposes.  In conjunction with her opposition, Carr

18    also filed a motion for leave to file a second amended complaint.  The Court now addresses

19    both pending motions below.

20

21    **DISCUSSION**

22    Carr explains that she "is not moving to modify or vacate" the arbitration award,

23    Reply to Mot. for Leave to Amend at 2; instead, she contends that the arbitration in this case

24    cannot be binding against her pursuant to ERISA regulations.  However, Liberty correctly

25    argues that Carr is estopped from taking that position.  Judicial estoppel "is not reducible to

26    an exhaustive formula," but:

27    a party generally will be judicially estopped to assert a certain
position when: 1) the party's current position is "clearly inconsistent"
28    with its earlier position, 2) the party was successful in persuading a

2

United States District Court

For the Northern District of California

1    court to accept its earlier position, and 3) the party would "derive an
     unfair advantage or impose an unfair detriment on the opposing party
2    if not estopped."

3    *Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (citing *New Hampshire v.*

4    *Maine*, 532 U.S. 742, 750-51 (2001)).  All three of these conditions are satisfied here.

5         First, Carr's position that the arbitration is not binding as to her is clearly inconsistent

6    with her prior position.  Not only did Carr consent to and actively participate in the

7    arbitration proceedings; she *requested* that her disputes be resolved at binding arbitration.

8    For example, in the parties' February 1, 2006 joint status report to this Court, Carr asserted

9    that her employment agreement with Providian "created a reasonable expectation of the

10   Plaintiff that any disputes she would have regarding benefits, including disability insurance

11   benefits, would be resolved in arbitration."  Feb. 1, 2006 Joint Status Report at 2.  Carr

12   continued by stating that she "*agrees to submit to binding arbitration* all issues regarding

13   benefits denied by Liberty and the Plan, *giving up all right of appeal* in exchange for some

14   limited discovery provided for under California law," and that "[t]he fairest result for

15   Plaintiff would be to order that Liberty submit to the *binding* arbitration provided for in the

16   Hiring Agreement so that all issues could be resolved in one forum."  *Id.*  (emphasis added).

17   Similarly, Carr entitled her February 27, 2006 motion as a "Motion to Compel Defendant

18   Liberty Life Assurance Company to Attend *Binding* Arbitration," and explained in her

19   moving papers that "[t]he Court's most fair and economical path is to dismiss Plaintiff's case

20   against Liberty and refer the entire claim and all issues to the *binding* arbitration, and let the

21   entire case be handled in that forum pursuant to applicable law as has been decided by

22   Plaintiff and Defendants Providian in accordance with the governing employment

23   agreement."  Feb. 27, 2006 Mot. to Compel Arb. at 9 (emphasis added).

24        Carr argues that her position was ambiguous because she also wrote in her moving

25   papers that, "[a]t a later time, the court could decide if any issues in the arbitration addressing

26   all issues in the claim could be re-litigated in District Court by any party, but with the full

27   benefit of the evidence developed and the work done by the arbitrator."  *Id.*  However, given

28   the immediately preceding sentence, quoted above, and the title of Carr's motion, there can

United States District Court

For the Northern District of California

1  be no doubt that she sought to resolve her case at binding arbitration.  In addition, as Liberty

2  observes, the language relied on by Carr is more reasonably interpreted as a correct

3  observation of this Court's limited power to review arbitration awards.  *See, e.g.,*

4  9 U.S.C. §§ 10-12 (Federal Arbitration Act provisions allowing for judicial review).

5       The second element for finding judicial estoppel is also satisfied here.  Carr's previous

6  position was that this case should be decided at binding arbitration.  This Court accepted that

7  position when it granted Carr's motion to compel Liberty to attend binding arbitration on

8  June 22, 2006.

9       Finally, if Carr were not estopped from now taking an inconsistent position,

10 Defendants would suffer unfair detriment.  It is undisputed that the parties engaged in

11 extensive discovery and briefing related to the arbitration proceedings, and that the

12 arbitration ultimately did not conclude until nearly two years after this Court granted Carr's

13 motion to compel Liberty to participate in binding arbitration.  Defendants would be unfairly

14 prejudiced if Carr, after requesting binding arbitration that resulted in a decision unfavorable

15 to her, were allowed to re-litigate her claims in this Court.

16      In light of all of the above, Carr is estopped from now arguing that the arbitration

17 proceedings were not binding.  Although Carr originally chose to file suit in this Court, she

18 subsequently changed her position to argue that her claims should be resolved at binding

19 arbitration.  To allow Carr to reverse course once again, and argue that her disputes should be

20 resolved in this Court rather than binding arbitration, would be to undermine the very

21 purpose of the judicial estoppel doctrine – i.e., to "preclude[] a party from gaining an

22 advantage by taking one position, and then seeking a second advantage by taking an

23 incompatible position."  *Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th

24 Cir. 1996).

25      Accordingly, confirming the arbitration award is proper.  The parties implicitly

26 consented to judgment; Liberty has moved for judgment confirming the arbitration award

27 within one year after the award was made; and Carr has failed to present a timely motion to

28 vacate, modify, or correct the arbitration award.  This Court must therefore grant Liberty's

4

United States District Court

For the Northern District of California

1  motion under 9 U.S.C. § 9.  As a result, granting Carr leave to amend her complaint would be

2  futile.[1]

3

4  **CONCLUSION**

5       With good cause appearing for the reasons discussed above, the Court now GRANTS

6  Liberty's motion to confirm the April 29, 2008 arbitration award and DENIES Carr's motion

7  for leave to file a second amended complaint.  The Clerk shall enter judgment in favor of

8  Defendants and against Plaintiff pursuant to this order.

9

10 **IT IS SO ORDERED.**

11

12 Dated:   01/29/09

13                                      THELTON E. HENDERSON, JUDGE
                                        UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        [1]Carr also failed to respond to Liberty's contention that this Court lacks jurisdiction to
    grant leave to amend given the procedural posture of this case.

5